## PHILLIPS v. LONGSTRETH.

1. An instrument in these words, "Having this day sold Elam Phillips a certain lot on Government street, for $600, and not being able at present to procure a release of dower, from C. B. Stephens's wife, or my own, I do hereby agree to procure their release within nine months, or forfeit the amount of his note, which will be due in five years from the 17th April last," is not a promise to pay the amount of the note referred to in the contract, but is a forfeiture of his right to collect it, if he does not procure the relinquishment of dower, by the time stated in the contract.

2. Parol evidence is not admissible to prove, that the intention of the parties by the use of the terms, "the amount of his note," was, that the maker should forfeit and pay, an amount equal to the face of the note.

43

3. Nor was it competent for the plaintiff to prove a subsequent promise of the defendant to pay $120, as the damages agreed on by the written instrument for not fulfilling it, there being no new consideration to support the new agreement, and no abandonment of the old one.

Error to the County Court of Mobile.

THE facts appear sufficiently in the opinion of the court.

DOUGLAS SMITH, for plaintiff in error.

The demurrer to the first and second counts in the plaintiff's declaration should have been overruled.

If a covenant is secured by a penalty or forfeiture, the party may either bring an action of debt for the penalty, and recover the penalty, or he may proceed upon the covenant and recover more or less than the penalty. Per Ld. Mansfield, 4 Burroughs's Rep. 2225.

If this is a penalty, and not liquidated damages, the action is proper, and we could recover such damages as we proved. Meakings et al. v. Ochiltree, 5 Port. 395; Watts, ex's, v. Sheppard, 2 Ala. 425; Hill v. Rushing & Wood, 4 Ala. 212; Van Benthuysen v. De Witt, 4 Johns. 213.

Assignment of breaches in the terms of the condition good. United States v. Spalding, 2 Mason, 478; Hughes v. Smith, 5 Johns. 168; Smith v. Jansen, 8 Johns. 111; Munroe v. Allaire, 3 Caine, 320; Albany Dutch Church v. Veelder, 14 Wend 165.

The meaning of the words " amount of his note " is the amount of money called for by the note. If they had meant the note, they would have said so simply. The note might have been transferred by defendant. Agreement was drawn by defendant, signed by him, and should have been construed most strongly against him. It is not strange that they fixed upon the note as the amount of damages, having had a discussion, and agreed upon that as a compromise. Even if the note itself was meant, plaintiff declared upon the agreement, and set forth breaches in the terms of the agreement, and could have recovered such damages for the breach thereof

as he could prove. Defendant should have shown that he had complied with agreement, and given up the note.

If there was doubt about the meaning of the words, they should have admitted parol evidence of the intention of the parties. Hagan & Co. v. Reynolds, 8 Ala. Rep. 69; Lockwood v. Avery et al. Id. 502; Horch v. Depeyster, 4 Camp. R. 385; Peish v. Dickson, 1 Mason, 10; Boorman v. Johnston, 12 Wend. 517.

The words "with interest," the words "to be paid for when started," the words "privilege and primage," the word "freight," in written instruments have been explained by parol evidence. Authorities last referred to.

This writing is incomplete: it has no date, nor does it set forth the amount of the note. Parol evidence should have been received to prove the part omitted. Brown v. Isbell, 11 Ala. Rep. 1010; Self v. Harrington, Ib. 489; Cowen & Hill's Notes to Phil. Ev. 1471-2-3.

Amount agreed to be paid is liquidated damages. Dakin v. Williams, 17 Wend. 447; Nobles v. Bates, 7 Cow. 307; Harbrook v. Tappan, 15 Johns. 200; 2 Dall. 252.

If the intent of the parties is doubtful, parol evidence admissible to ascertain the intent. Boorman v. Johnson, 12 Wend. 573; Cow. & Hill's Notes to Phil. Ev. 443-4; Tayloe v. Sandiford, 7 Wheat. 17.

In the last case, Ch. J. Marshall says: "It will not of course be considered as liquidated damages; and it will be incumbent on the party who claims them as such, to show that they were so considered by the contracting parties."

We had the right to prove our case under the common counts. 5 Smedes & Marshall's Rep. 712.

C. W. RAPIER, contra.

The demurrer to the first and second counts of the declaration was correctly sustained, because the counts are predicated upon an agreement, which, rightly construed, shows no cause of action in the plaintiff. For the proper construction of the instrument, see Story on Con. 147 to 173, and the authorities there cited, and the case of Watts's ex'rs v. Sheppard, 2 Ala. R. 425.

If the plaintiff sustained damages exceeding the amount of

Phillips v. Longstreth.

the forfeiture, they were unliquidated damages, and could not be recovered by an action of debt. See 1 Saunders on Ev. and Plead. 403. The forfeiture was a penalty. See Taylor v. Sandiford, 7 Wheat. R. 13; 5 U. S. Cond. Rep. 209. When there is a penalty, debt lies to recover the penalty, but not damages beyond the penalty. Covenant is there the proper action. See 4 Burroughs's Rep. 2225. If the forfeited note had not been surrendered by the defendant, and the object had been to recover that, the action would have been detinue. See 1 Chit. Plead. 138.

The court below correctly excluded the parol testimony, which was proposed to explain the written agreement. See 5 Porter, 498; 1 Ala. Rep. 161, 436, 602; 2 Ala. Rep. 280; 5 Ala. Rep. 521.

The court below did not err, in rejecting the testimony offered to show that the defendant had promised to pay $120 as the damages agreed on by the written instrument. This would have infringed the rule of evidence, "that when a written instrument has by application of a proper rule of legal construction, a definite and particular meaning, parol evidence is inadmissible to vary, explain, or add to it." See 3 Stew. 201, 140; 1 Porter, 328; Stark. on Ev. part 4, 1000, *et seq.*

CHILTON, J.—This was an action of debt by the plaintiff in error, upon an instrument of which the following is a copy: " Having this day sold Elam Phillips a lot on Government street for $600, and not being able at present to procure a release of dower from C. B. Stephens's wife, or my own, I do hereby agree to procure their release within nine months, or forfeit the amount of his note, which will be due in five years from 17th April last." Signed by defendant. The declaration contains two special counts upon this agreement, to each of which a demurrer was sustained. The first count, after stating the agreement, avers the note therein mentioned is for the sum of $120, and that the defendant failed within the nine months to procure the release of dower, as by the agreement he had stipulated. The second count is similar to the first, except that it sets out the agreement in *haec verba.*

1. We think the pleader has misconceived the legal import

of the agreement declared on. If the parties intended that the defendant, upon failing to procure a relinquishment of dower, should forfeit and pay to the plaintiff the sum of $120, why did they not thus simply state it in their contract? If the intention of the parties was, that a sum *in numero* should be forfeited as a penalty, and *paid to the plaintiff* by the defendant, why refer to the note at all, and why the particularity in stating when the note falls due, as shown by the contract? We think the plain and evident meaning and intention of the parties, to be gathered from the whole instrument is, that the defendant, having sold the lot specified in the agreement for $600 to the plaintiff, and being unable to procure at that time the relinquishment of dower of Mrs. Stephens, as also from his own wife, agrees to procure the same in nine months, or on failure, to forfeit the note of the plaintiff (which he held for $120,) due in five years from the 17th April then last past. He does in effect forfeit the amount of the note, that is, he forfeits his right to collect it, and the note becomes discharged by his failure to comply with his contract. Any other construction, we think would do violence to the intention of the parties. Story on Con. § 234, 237, 243. Nor do we consider the terms in which the instrument is couched, of such doubtful or ambiguous import as that the plaintiff can derive any aid from the rule which requires, that in such cases the instrument must be construed most strongly against the party engaging. This rule, which is not applied where it would operate as an inequitable exaction, as in case of penalties or forfeitures, only obtains, when all other rules of construction fail, and gives place to every other rule. Sto. on Con. § 259.

It results from the construction which we have given the agreement, that the action of debt could not be sustained upon it, being a forfeiture merely of the demand which the defendant held against the plaintiff for one hundred and twenty dollars, and not an agreement to pay that sum. The demurrer to the first and second counts of the declaration was therefore properly sustained.

2. The parol proof offered by the plaintiff explaining the instrument by showing its date, also, that the note therein

mentioned was for $120, and that the meaning and intention of the parties, by the use of the terms "the amount of his note," was, that the defendant should forfeit and pay to the plaintiff an amount of money equal to the face of the note, we think, was properly excluded from the jury. The effect of the proof was, materially to vary the terms of the instrument, and according to the well settled law of evidence it should have been excluded. See O'Neal et al. v. Teague, 8 Ala 345, 353; 5 Por. 498; 1 Ala, Rep. 161; 5 Ib. 521.

3. Nor do we consider that the court erred in rejecting the proof offered by the plaintiff of a subsequent promise by defendant to pay one hundred and twenty dollars, as the damages agreed upon by the said written agreement for not fulfilling it. This promise, if valid, materially changes the original agreement, and amounts to a new contract. The original agreement is insisted upon by the plaintiffs as still of force, and there being no new consideration to support the new agreement, or no abandoment of the old one, it follows there was no consideration to support the subsequent promise, and the exclusion of the proof of it could not have prejudiced the plaintiff.

There is no error in the record, and the judgment is consequently affirmed.