GEORGE E. PORTER SR., EDWARD PORTER AND GEORGE E. PORTER JR., PARTNERS UNDER THE FIRM NAME AND STYLE OF LIVE OAK MANUFACTURING COMPANY, *Plaintiffs in Error*, V. THE SIMS COMPANY LIMITED, A CORPORATION, *Defendant in Error*.

CONTRACTS—EVIDENCE—VARYING WRITTEN CONTRACT BY PAROL EVIDENCE—NEW OR SUBSEQUENT PAROL CONTRACTS.

1. Parol testimony is not generally admissible to vary the terms of a written agreement.

2. In order to render evidence of a subsequent parol agreement admissible to vary the terms of a written contract, it is necessary that such subsequent agreement be founded upon a consideration.

3. A proffered amended plea is properly rejected that sets up as a defense a parol agreement without a new consideration at variance and inconsistent with the pleader's written agreement involved in the issues.

This case was decided by Division B.

Writ of Error to the Circuit Court for Suwanee County.

The facts in the case are stated in the opinion of the court.

*Rees & Rees,* for plaintiffs in error;

*J. B. Johnson,* for defendant in error.

TAYLOR, J.—The defendant in error, hereinafter referred to as the plaintiff, sued the plaintiffs in error, hereinafter referred to as the defendants, in assumpsit in the circuit court of Suwanee county, for the contract price and value of five No. 3 Sims Improved Filter Boiler Cleaners sold by the plaintiff to the defendants on the terms specified in their written request for such sale. The trial resulted in a verdict and judgment in the plaintiff's favor, to review which the defendants bring the case to this court by writ of error.

Attached to the declaration in the cause as the plaintiffs' cause of action was a copy of the following contract or agreement in the form of a letter from the defendants to the plaintiff:

"Live Oak, Fla. 1-31, 1906.

The Sims Co. Limited,
. Cleveland, Ohio.

Please ship us on trial five No. 3 Improved Filter Boiler Cleaners, we agreeing to attach the same promptly on arrival for trial, according your instructions furnished. If trial is satisfactory we agree to remit you within 60 days from date of arrival the sum of five hun-

dred dollars $500. If not satisfactory at expiration of time specified for trial, within 60 days from arrival, we agree to notify you promptly and before disconnecting same, and upon receipt of your order so to do will disconnect and deliver the same to the freight depot consigned as you may direct; otherwise the amount shall become payable on demand.

J. M. Colwell                          Live Oak Mfg. Co.
        Special Agent.              .     George E. Porter.
    Shipped Feby. 9th, 1906.
    Arrived Feb. 27th, 1906."

To the declaration the defendants pleaded:

1st.   Never was indebted.

2nd.   Non assumpsit, and

3rd.   A lengthy plea in which an entirely different and variant contract of purchase is alleged by which it is alleged that the contract of purchase was upon the stipulation that the defendants were to be allowed to attach the cleaners to their boilers as they found it convenient to the conduct of their business to do so, and were to be allowed 60 days for the trial thereof from the date when they were so attached to said boilers; and further said plea alleged a subsequent agreement between defendants and the plaintiff's agent by which the plaintiff, it is alleged, agreed to allow more time for the trial of such cleaners before the defendant should be liable to pay for or purchase them—and that after such trial defendant found that they were worthless and offered to return them, and refused to purchase them.

To this 3rd plea the plaintiff replied setting up the agreement in full attached as an exhibit to the declaration and denied any subsequent agreement modifying or varying its terms.

At the trial the plaintiff offered in evidence the written order or agreement of purchase of the goods sued

for made by the defendants, but to its introduction the defendants objected on the ground that the suit was in assumpsit for goods sold and delivered and not upon the written order or contract or for the breach thereof. This objection was overruled, and such ruling is assigned as error. There was no error in this ruling. The evidence adduced was pertinent to the issues, and tended to establish the sale and purchase of the goods sued for, and the terms upon which they were purchased.

In connection with such written order the plaintiffs' witness who was their agent in making the sale testified at length in explanation of the whole transaction. All of this evidence the defendant moved to strike out, but the court denied the motion, and this ruling is assigned as error. There was no error in such ruling. All of the evidence sought to be stricken out was pertinent to the plaintiffs' case and tended to establish it.

The defendants offered to prove by one of the members of the defendant firm that the goods sued for were purchased upon terms materially variant from those contained in their written agreement of purchase, *viz*: that instead of their having 60 days from the date of the *arrival* of the goods in which to test their value and usefulness and in which to decide upon whether or not they would buy such goods, that they were to have 60 days from the dates when such goods were actually attached by them to their boilers which attaching was to be done at such time as they found it to be convenient to the conduct of their business. Which testimony on objection was excluded by the court, and this ruling is assigned as error. There was no error. The proffered evidence sought by parol to vary in material features the written agreement of purchase made by the defendants. By the same witness the defendants offered to prove a subsequent oral agreement between them and the defendant's agent

extending the time for the defendants to test the value and usefulness of the goods sued for, and of the time when the defendants were to decide whether or not they would purchase such goods, but upon the plaintiffs' objection the court excluded such evidence, which ruling is also assigned as error. There was no error in this ruling. There was no offer to prove or show that such alleged subsequent oral agreement varying the terms of the original written agreement of purchase by the defendant was based upon any consideration whatsoever. The law is well settled that in order to render evidence of a subsequent parol agreement admissible to vary the terms of a written contract, it is necessary that such subsequent agreement be founded upon a consideration. Phillips v. Longstreth, 14 Ala. 337; 17 Cyc. 736; Span v. Baltzell, 1 Fla. 301; Robinson v. Hyer, 35 Fla. 544; Gunby v. Drew, 45 Fla. 350.

In the midst of the trial the defendant moved the court for leave to file an additional plea, but the court denied the motion, and this ruling is assigned as error. There was no error in such ruling. The proffered plea alleged a total failure of consideration, in that the plaintiff's agent fraudulently procured the written order or agreement for the purchase of the five boiler cleaners by the fraudulent and deceitful representations that said cleaners were so made and constructed as to prevent the accumulation of lime deposits on the sides of the steam boilers and flues, but that said cleaners were of no benefit and did not and would not prevent such accumulations in said boilers and were wholly worthless and of no value.

This proffered plea was properly rejected by the court because it tendered a defense wholly inconsistent and at variance with the defendant's written contract of purchase of the goods sued for. By that contract the defendants themselves fixed the period of 60 days from

the date of the arrival of said goods within which they were, by tests to be practically applied by themselves, to find out and discover whether said boiler cleaners would accomplish the work for which they were designed, and whether or not they were worth the price charged for them, without any reliance upon the representations of the plaintiff or its agent as to the quality and value of such appliances, and were by such tests to decide within said 60 days whether they would become liable for the purchase of said cleaners; and if after said 60 days' actual trial of said appliances they did not promptly notify the plaintiff that their decision was not to purchase them they were to be bound and obligated for the agreed price thereof as purchasers thereof. They were estopped by their written contract by which they undertook themselves to test the efficiency of said appliances before becoming bound for their purchase, from now setting up as a defense that they were deceived as to the efficiency of such appliances by the false representations of anyone.

The denial of the defendants' motion for new trial is also assigned. In disposing of the above mentioned assignments of error we have disposed of all of the grounds of the motion for new trial that have been argued or urged here—and finding no error, the judgment of the circuit court in said cause is hereby affirmed at the cost of the plaintiffs in error.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.