FRED R. GUNBY, LILLIAN S. GUNBY, HIS WIFE, AND JOHN TRICE, APPELLANTS, VS. JOHN H. DREW, APPELLEE.

1. It is error to allow an attorney's fee to the prevailing plaintiff under the lien law (Rev. Stats. Sec. 1747) without proof of the reasonableness of the amount thereof.
2. An unsealed written contract may be modified by a subsequent parol agreement, supported by a valuable consideration.
3. Evidence examined and found sufficient to support the court' findings.

This case was decided by Division B.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Gunby & Gibbons* and *William Hunter,* for Appellants.

*Macfarlane & Glen,* for Appellee.

COCKRELL, J.

The appellee filed his bill against appellants to enforce a statutory lien upon real estate for an alleged balance of

seven hundred eighty-one and 25-100 dollars, with interest from September, 1895, growing out of a contract for building a dwelling house. A decree was rendered dated January 3rd, 1899, adjudging the sum of seven hundred fifty-nine and 93-100 dollars to be due from Fred. R. Gunby to the appellee for principal and interest, as well as the further sum of seventy-five and 99-100 dollars for solicitor's fees, declaring said sums a lien and directing a sale of the property in default of payment. From this decree all the defendants appealed.

The first error questions the propriety of the court's finding as to the value of certain extra work done on the house, not included in the contract. There is such conflict in the testimony that we can not say the question of fact was erroneously decided. City of Jacksonville v. Huff, 39 Fla. 8, 21 South. Rep. 774.

Appellants next contend the court should have allowed the sum of ten dollars per day for forty-six days as a credit upon the amount claimed by appellee under a clause in the contract providing for deduction of that sum if the building should not be finished by a named date. The contract was not under seal, and the bill alleged that shortly after making it the parties modified it by an agreement that the clause should not be enforced, except as to the actual damage sustained. While there is conflict in the testimony upon this point, we think that produced by the appellee is sufficient to support a finding that the contract was so modified, and also that the modification of the contract was supported by a valuable consideration so as to bring it within the rule announced in Robinson v. Hyer, 35 Fla. 544, 17 South. Rep. 745. The testimony shows that some delay in finishing the house was occasioned by the extra work ordered by appellant

Gunby, and that the rental value of the house between the time it should have been finished and the time it was actually finished was forty dollars per month. The difference between the principal sum claimed and the principal sum allowed by the decree rendered is about $173. This sum is ample to cover the rental value for delay in finishing the house, and also the sum of $112 claiemd by Gunby to have been allowed him by appellee for certain work eliminated from the contract by subsequent agreement.

The next assignment of error is well taken. The court erred in allowing an attorney's fee without proof of its reasonableness. The statute allows the prevailing plaintiff his reasonable attorney's fees to be fixed by the court, not to exceed ten per cent. of the recovery. We have repeatedly held that where a mortgage provides for a reasonable attorney's fee, the record must show that the allowance thereof was made on proper testimony, and that it is error to decree a sum therefor without such proof. Long v. Herrick, 26 Fla. 356, 8 South. Rep. 50; Adams v. Fry, 29 Fla. 318, 10 South. Rep. 559; Taylor v. Brown, 32 Fla. 334, 13 South. Rep. 957. There is no difference in principle between the contractual and statutory liability, and we do not think the question an open one in this State.

The decree appealed from is affimed, except as to the allowance of the attorney's fee; and as to this it is reversed, with directions that the court ascertain by competent evidence, in accordance with its rules of practice. a reasonable attorney's fee to be allowed the complainant.