**M. H. FOSTER and D. H. FOSTER, Partners, trading and doing business as GOLF VIEW CLEANERS, v. BENNIE TERENIO and LONITA MARY TERENIO, his wife.**

30 So. (2nd) 531                                  January Term, 1947
May 13, 1947                                      . Special Division A

*A. F. Cornelius* and *Edwin R. Dickenson,* for appellants.
*Herbert Wentworth,* for appellees.

HOLT, Associate Justice:

The results which obtain here are typical where a real estate broker or other layman attempts to practice law (and is bold enough to represent both parties too!) The appellants sold to the appellees a branch office for laundry and dry cleaning, in the City of Tampa, Florida. A bill of sale was executed, wherein certain equipment was conveyed. This instrument was drawn by the real estate broker. Appellees now claim that the broker inadvertently omitted from the agreement the provision that in the event the purchasers were evicted from the premises the purchase price of $1,100.00 would be refunded. There was a great deal of discussion prior to the execution of the agreement as to a guarantee to keep the purchasers in possession of the property, *which was owned by the sellers,* and was being sold at the time that this transaction was completed. The equipment was of minor value, and, as the purchasers testified, they were buying the location and the customers. The sellers operated a laundry and

cleaning plant and on all of the business which the purchasers received at the agency they were to retain 30% of the dollar value as their compensation. The bill of complaint does not allege fraud and relies mainly on the allegation of mutual mistake. The purchasers went into possession on the 22nd day of April and were evicted by the new owners of the property on the 31st day of May. The sellers then offered them a location 300 feet away, which they rented for the sum of $65.00 per month, but offered to pay $40.00 of this amount, so that their rent would not be more than called for in the original price. This was refused, and the appellees, on June 1, opened their own laundry and dry cleaning agency. However, this new location did not carry any lease with it and was being rented by the appellees on a month-to-month basis.

These parties were dealing at arm's length, and we can find nothing in the record to indicate any ground to form a basis of fraud. A great deal has been said about the income of the business, but, in the final analysis, the testimony of all the parties regarding that is about the same. The purchasers had an opportunity to investigate the status of the business, the amount of income it produced, so the only question for us to decide is whether or not the sellers were obligated to provide a place within which the purchasers could conduct the business. Certainly it was of prime necessity that a place be provided, else there would be nothing to sell or to buy. The equipment amounted to very little, so they were in fact purchasing a business and a place in which to conduct such business.

The sellers contend that they offered to return the sum of $900.00 in the event the purchasers were put out of possession within three months, and, after such period of time, the said sum less $60.00 for each additional month the purchasers enjoyed the occupancy of said premises. To substantiate this, it is conceded by all the parties that the real estate broker's commission was diminished 50% by reason of this verbal agreement. The purchasers deny any such agreement (except for refund of the entire purchase price) and request the return of the full amount which they have paid, and which the Chancellor ordered refunded to them.

There is no question that the bill of sale did not state the full and complete contract between the parties. Appellants' (sellers') testimony is replete with the negotiations carried on with only one idea in mind, i. e., how to keep the purchasers (appellees) in possession. The only difference between them was the manner and amount of money to be refunded in event of eviction. (The purchasers did not sign this instrument.)

Where a party admits that a written instrument does not voice the entire agreement (as the sellers did here) it is clear that he cannot rely on the principle of law that parol evidence will not be allowed to vary the terms and conditions of a contract in writing. In this case the appellants (sellers) have long since abandoned that ground and waived it even before the written agreement was signed and executed. Moreover, their offer of the use of another location indicates the responsibility they accepted in addition to those outlined in the bill of sale.

To allow purchasers to benefit by application of the parol evidence rule, if it can be said to be opposite here, after the subsequent negotiations of the parties, all of which was for the purpose of being certain that the purchasers got something for their money, would make the law an accomplice in depriving purchasers of their money without just and lawful consideration.

See Williston on Contracts, Sec. 591, Vol. I; Porter v. Sims Co., 55 Fla. 504, 46 So. 420; Gunby v. Drew, 45 Fla. 350, 34 So. 305; Robinson v. Hyer, 35 Fla. 544, 17 So. 745.

The purchasers parted with the entire purchase price. What did they receive in return? To ask the question is but to answer it. Occupancy of slightly over a month. The new location could not have been of much more value, since there they would be subject to eviction at any time.

For the reasons stated, the decree should be affirmed.

Affirmed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.