BARKDULL, Chief Judge.
Appellant, defendant in the trial court, appeals an adverse summary final judgment rendered against him because of a guaranty he issued to the appellee, in words and figures as follows:
“Mr. Phil Abel
Sea Coast Appliance Dist., Inc.
3575 N. W. 60th Street
Miami, Florida
“Dear Mr. Abel:
“Concerning my telephone conversation of today regarding the Record Service Company account, I have explained to you on the telephone that I am in the midst of completing arrange *275 ments for sufficient finances for all the record companies that I am involved with, which I will consolidate into one corporation.
“In the meantime, I am reaffirming my statement that I will personally guarantee any monies due you now or extended in the future to Record Service Company and as I told you over the phone, there is a matter of ten or fifteen days at which time we should have sufficient capital to bring our account in current position.
Yours very truly,
PAN AMERICAN DISTRIBUTING CORP.
[s] S. H. TARAN S. H. Taran”
The trial court held that the guaranty was of a continuing nature and not limited to ten to fifteen days, as contended by the appellee. We concur with the trial judge. The guarantor prepared the guaranty and its terms are unambiguous which, being such, its written terms absorb any prior oral agreements. See: Ross v. Savage, 66 Fla. 106, 63 So. 148; Prescott v. Mutual Ben. Health & Accident Ass’n, 133 Fla. 510, 183 So. 311, 119 A.L.R. 525; Bryant v. Food Machinery & Chemical Corporation Niagara Chemical Division, Fla.App. 1961, 130 So.2d 132. A contract of guaranty is generally construed against a guarantor; particularly is this so when it was prepared by him. See: Hawkins v. Mitchell, 34 Fla. 405, 16 So. 311; Brandon v. Pittman, 117 Fla. 678, 158 So. 443; 30 Fla.Jur., Suretyship and Guaranty, § 32.
Therefore, there being no error shown in the summary final judgment rendered by the trial court, same is hereby affirmed.
Affirmed.