CARROLL, DONALD K., Judge,
The defendant in a suit to foreclose certain mortgages on real and personal property has taken this interlocutory appeal from a partial summary decree entered by the Circuit Court for Escambia County, decreeing the defendant’s liability to the plaintiff under the said mortgages.
The principal and ultimate question presented for our determination in this interlocutory appeal is whether the plaintiff was entitled under our procedural rules to such a partial summary decree on the issue of the defendant’s said liability in view of the latter’s position that the obligation sued upon was not secured by the said mortgages.
The key provision in our procedural rules relating to the entry of summary judgments and decrees is that found in Rule 1.510 of the Florida Rules of Civil Procedure, as amended, 30 F.S.A., as follows: that at the hearing on a party’s motion for a summary judgment or decree, the judgment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 1.510, subdivision (d), of the said rules provides:
“Case Not Fully Adjudicated on Motion. On motion under this rule if judgment is not rendered upon the whole case or for all the relief asked and a trial or the taking of testimony and a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy including the extent to which the amount of damages or other relief is not in controversy and directing such further proceedings in the action as are just. On the trial or final hearing of the action the facts so specified shall be deemed established and the trial or final hearing shall be conducted accordingly.”
Applying the just-cited rules in the case at bar, our duty herein is to determine from the record before us whether, at the time of the entry of the partial summary decree, there was no genuine issue as to a material fact and the plaintiff was entitled to such a decree as a matter of law. If both of those conditions did not exist, the entry of that decree was improper under the rules.
The plaintiff, the United States Fidelity and Guaranty Co., filed a complaint in the said Circuit Court against the Smith Engineering and Construction Co., hereinafter referred to as Smith, and other defendants, seeking, among other things, a determination of the liability and the extent of indebtedness of the defendant Smith to the plaintiff under a real estate mortgage and a chattel mortgage executed in an amount not to exceed $3,500,000, claiming an indebtedness in excess of $963,311.98, copies of which mortgages are attached to the complaint as exhibits. To this complaint the defendant filed a motion to dismiss, which was denied by the court in an order which is not before us for review in this appeal.
Smith filed its answer to the above complaint. In the principal defenses in its *304 answer Smith admits some of the allegations of the complaint but denies that “the said sum of $950,000 is past due * * * ” and that the said sum, if due, is secured by the real estate mortgage. In its said defenses Smith specifically alleges that the figure of $3,500,000 was used in the future advances clause of the said mortgage pursuant to the stated understanding of the parties at the time the mortgage was executed ; that Smith intended to bid on a specific construction job for the United States Navy on Callendar Field, located at New Orleans, Louisiana, which job was going to require a bond of approximately $3,500,000 ; that the specific purpose for the execution of the said mortgage was to secure the plaintiff against any losses it might sustain on that particular project; that Smith was not the low bidder on that project and the contracts therefor were awarded to other bidders; and so the plaintiff has never been requested to make, nor has it made, any payments, nor has it written any performance bond, in connection with the said project.
Soon after Smith had filed the above answer, the plaintiff, although its first motion for a summary decree had been denied by the court, filed its second motion for a final decree in its favor on the grounds that there is no genuine issue as to any material fact and that the plaintiff is entitled to a final decree as a matter of law. This motion is expressly predicated upon all of the pleadings in the case and an affidavit it had filed, executed by one Bundy, the superintendent of its claim department, whose statements therein support the allegations of the plaintiff’s complaint.
A few months later the Circuit Court entered the “summary decree on liability,” which is appealed from herein, granting the plaintiff’s second motion “for summary decree on the issue of liability * * * ” and referring the cause to a special master with directions to make an accounting- of all sums due to the plaintiff from Smith on account of the said mortgage indebtedness, and to report the same to the court “following which a decree of foreclosure will be entered.”
In the said summary decree the court held that the principal defenses in Smith’s answer, as described above, (containing Smith’s contention that the obligations sued upon were restricted to the above-mentioned Callendar Field project) are invalid defenses because “it is clear from the language of said mortgages as to what obligations are contemplated to be indemnified against * * * ” and because the said defenses attempt “to vary by parol evidence the clear and unambiguous language of said mortgages.”
We have examined the mortgages sued upon in the instant case and find therein no reference to the Callendar Field project and nothing therein indicating that obligations under those mortgages are restricted to obligations arising out of the said project. Obviously, a showing that the mortgages are so restricted would require parol evidence that would vary the terms of a valid written instrument.
The rule that parol evidence may not vary the terms of a valid written instrument has long been established in Florida. The clearest statement of the rule that we have read, and the reasons therefor, is found in the following two paragraphs in 13 Fla.Jur., Evidence, Section 383, pages 380 to 383:
“It has been said that there is no rule of evidence better settled than that which declares that parol evidence is not admissible to contradict or substantially vary the legal import of a written agreement. The terminology used to express this rule varies from case to case, and from generation to generation; but the most frequently recurring statement of the rule, briefly summarized and subject to many exceptions and limitations, is that the terms of a valid written contract or instrument cannot be varied by a verbal agreement or other extrinsic evidence where such agreement was made *305 before or at the time of the instrument in question. All such verbal agreements are considered as waived by and merged in the written contract. The rule inhibits the use of parol evidence to contradict, vary, defeat, or modify a complete and unambiguous written instrument, or to change, add to, or subtract from it, or affect its construction. It follows that if the terms of a written contract are clear and unambiguous, the contract must stand as written. Neither party, in the absence of fraud or deception, may allege or prove by parol that its terms and conditions were other than those expressed in the contract, or that he was not to be bound thereby. Hence, a pleading is objectionable and may be stricken where it sets up a defense which relies on an oral agreement that is within the parol evidence rule.
“The parol evidence rule is described as essential to the certainty and stability of written obligations. The law presumes that the parties, by making a writing on the subject, intended it to be the sole expositor of their agreement. Indeed, when parties deliberately put their agreement into writing in such terms as import a legal obligation without any uncertainty as to the object and extent of their engagement, it is conclusively presumed that the whole engagement and the extent and manner of their undertaking is contained in the writing. In other words, when a legal act is reduced into a single writing, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act, the instrument itself being regarded as the best evidence of what the parties intended. No other language is admissible to show what they meant or intended, for the reason that each has made the instrument the agreed test of his meaning and intention.”
The above “parol evidence rule” is applicable to the situation presented by Smith’s principal defenses, as described above. As to those defenses, the court was clearly justified in entering the partial summary decree concerning Smith’s liability, for there was no genuine issue as to any material fact and the plaintiff was entitled to the said decree as a matter of law.
We have considered the other contentions made by Smith in this appeal and find them to lack substantial merit.
Accordingly, this interlocutory appeal, pursuant to the provisions of Rule 4.2, Florida Appellate Rules, 31 F.S.A., should be and it is
Dismissed.
RAWLS, C. J., and JOHNSON, J., concur.