269 So.2d 753 (1972)
Raymond W. HEALY and Mary C. Healy, His Wife, and George C. Dempsey, Appellants,
v.
Maurice S. ATWATER and Betty Jean Atwater, Trading and Doing Business As Atwater Realty, Appellees.
No. 71-1423.
District Court of Appeal of Florida, Third District.
November 21, 1972.
Rehearing Denied December 19, 1972.
Prunty, Ross, DeLoach & Olsen and Robert A. Jarvis, Jr., Miami, for appellants.
George J. Baya, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal from a final judgment in an action to recover a broker's commission in which defendant-appellants claim error by the trial court in striking their affirmative defenses and in setting aside the jury's verdict to grant plaintiffs an additur.
*754 Defendants, Raymond W. Healy and Mary C. Healy, his wife, owned approximately 980 acres of ranch land in Okeechobee County, Florida. Prior to August 1, 1969 the Healys entered into continuing negotiations with co-defendant, George C. Dempsey, for the sale of this property. On August 1, 1969 a listing agreement for the sale of this property was entered into between the Healys and plaintiffs, Maurice S. Atwater and Betty Jean Atwater, trading and doing business as Atwater Realty. This agreement granted to plaintiffs an exclusive right of sale and guaranteed them a commission if the property was sold during the six-month term of the agreement. Defendants contend that the parties to the listing agreement understood that due to the prior negotiations between the Healys and Dempsey, any sale of the property to Dempsey would be excluded from the terms of the listing agreement. It was this inducement, defendants urge, which convinced them to execute the listing agreement.
Subsequently, during the life of the listing agreement, the property was sold by the Healys to Dempsey for a final purchase price of $230,000 and Dempsey simultaneously resold the property to a third person. Plaintiffs demanded a ten per cent commission from the Healys on the sale of the property and when the demand was refused this action followed. The complaint alleged a breach of contract against the Healys, interference with the contract against Dempsey, and conspiracy to interfere with or breach the contract by all the defendants. The material allegations of the complaint were denied by the defendants in their answer and they asserted the following affirmative defenses to show the inducement and the meeting of the minds between the parties which persuaded the Healys to execute the listing agreement:
"3. Defendants further affirmatively allege that it was understood by and between the parties to the contract in question that if the prior negotiations [sic] of the defendants HEALY with the defendant DEMPSEY were consummated, that the plaintiffs herein would not be entitled to a commission for said sale, inasmuch as the negotiations between said defendant DEMPSEY and defendants HEALY were in progress and well known to said plaintiffs prior to the execution of or negotiation for the contract in question, and that such agreement was an understood exception to the aforementioned contract.
4. Defendants further affirmatively allege that it was the aforementioned understanding and representation that in fact induced said defendants to enter into the contract in question. Further, had such an arrangement not been had by and between the plaintiffs and the defendants, that said defendants HEALY would not, in fact, have entered into the contract in point."
Prior to trial, the trial judge granted plaintiffs' motion to strike all of the defendants' affirmative defenses on the grounds that the introduction of this parol evidence would contradict, vary, defeat or modify the written listing agreement upon which plaintiffs' case was grounded.
At time of trial, the judge ordered that only evidence and proof which occurred after August 1, 1969, the date of the listing agreement, would be allowed before the jury. Following the close of all the evidence the jury returned a verdict for plaintiffs and against defendants, Raymond and Mary Healy, in the amount of $15,500. The jury found in favor of defendant Dempsey. Plaintiffs filed a post-trial motion for a judgment, notwithstanding the verdict, claiming that the verdict returned by the jury was inadequate and contrary to the law and evidence. Trial court granted this motion and thereby set aside the original verdict for plaintiffs and entered a judgment for plaintiffs in the amount of $23,000 principal, $2,936.70 interest and $751.71 in costs. The trial judge's rationale *755 for this action was that the jury determined liability against the defendants Healy and that there was no dispute as to the amount of damages. It is from this final judgment that the defendants Healy entered their appeal.
Appellants' first points on appeal deal with the propriety of the trial court's order striking their affirmative defenses because they evinced a contemporaneous or collateral verbal agreement which varied or altered the terms of a valid written instrument in violation of the parol evidence rule. If the issues raised by defendants in these affirmative defenses were not within any of the acknowledged exceptions to the parol evidence rule, then the appealed order would be affirmed without hesitation. However, Florida courts have recognized an exception to the parol evidence rule that would allow into evidence, if properly proved, the striken affirmative defenses.
The exception to the parol evidence rule applicable in the instant case was recognized by the Florida Supreme Court in Mallard v. Ewing, 121 Fla. 654, 164 So. 674 (1935):
"It is also a generally recognized rule that parol evidence is admissible to establish a contemporaneous oral agreement which induced the execution of a written contract, though it may vary, change, or reform the instrument. It is true that such rule requires the agreement to be shown by evidence that is clear, precise, and indubitable; that is it shall be found that the witnesses are credible, that they distinctly remember the facts to which they testify, and that they narrate the details exactly and that their statements are true. See Walker v. France, 112 Pa. 203, 5 A. 208; Thomas & Sons v. Loose, 114 Pa. 35, 6 A. 326; Ferguson v. Rafferty, 128 Pa. 337, 18 A. 484, 6 L.R.A. 33."
This rule was reaffirmed in Jackson v. Parker, 153 Fla. 622, 15 So.2d 451 (1943); Wise v. Quina, Fla.App. 1965, 174 So.2d 590.
The trial court's order striking defendants' affirmative defenses is reversed due to the application of this exception to the parol evidence rule. Consequently, the affirmative defenses are allowed to stand and in support thereof the jury may hear evidence offered by the defendants. However, as stated above, the condition for the admission of this evidence is "clear, precise and indubitable proof" presented by credible witnesses. This high burden of proof must be met by the party submitting the parol evidence, defendants Healy, or it will not be allowed under this exception.
Finally, we are compelled to discuss an additional error committed in the lower court. This remaining error occurred when the trial judge, in his final judgment for plaintiffs, set aside the jury verdict and entered an additur for plaintiffs. Florida courts have consistently ruled against the granting of additurs, see City of Fort Walton Beach v. Southern State Steel Corp., Fla.App. 1971, 249 So.2d 62; State Road Department of Florida v. Cox, Fla.App. 1960, 118 So.2d 668; Sarvis v. Folsom, Fla.App. 1959, 114 So.2d 490, and nothing in the instant case has persuaded us to reverse this trend in our jurisprudence.
Therefore, we reverse and remand with directions that the affirmative defenses be reinstated and that the cause proceed in accordance with the views expressed herein.