HENDRY, Judge.
This is an action predicated upon a promissory note in which the plaintiffs sued the defendant as a guarantor of payment.
The trial court held a non-jury trial consisting of the testimony of the defendant and of the plaintiff, Harvey St. Jean. At the conclusion thereof, the court entered judgment in favor of the plaintiffs in the amount of $25,000, the face amount of the note, plus costs and attorney’s fees.
The primary defense which the defendant relied upon at the trial was that his endorsement on the back of the note in question was a conditional guarantee only.
The alleged condition was the additional endorsement as guarantor of one, Harry Groban, whose name was typed in on the back of the note, but whose signature did not appear thereon.
However, the testimony of the parties indicated that while the condition was communicated to two other co-endorsers of the note, it was not communicated to the plaintiffs, and the plaintiffs were relying absolutely on the defendant’s guarantee of the money loaned.
The trial judge at the conclusion of the testimony specifically found that even assuming the language on the back of the note is ambiguous (which we don’t think it is), no agreement to conditionally guaran *478 tee the note was reached between the plaintiffs and the defendant.
The record before us supports the trial court’s finding and conclusion that the defendant was liable as an absolute guarantor of the note. See, Anderson v. Trade Winds Enterprises Corp., Fla.App.1970, 241 So.2d 174.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.