329 So.2d 406 (1976)
Leo A. FURLONG, Jr., et al., Appellants,
v.
FIRST NATIONAL BANK OF HIALEAH, a United States Banking Corporation, Appellee.
DALCAMP, INC., Appellant,
v.
FIRST NATIONAL BANK OF HIALEAH, a United States Banking Corporation, Appellee.
Nos. 75-660, 75-697.
District Court of Appeal of Florida, Third District.
March 23, 1976.
Rehearing Denied April 22, 1976.
*407 Weissenborn, Burr & Hyman and Gary M. Carman, Hacker & Phelps, Miami, for appellants.
Podhurst, Orseck & Parks, Miami, for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Leo A. Furlong, Jr. and Dalcamp, Inc., defendants, appeal a summary final judgment for the First National Bank of Hialeah, plaintiff, in a mortgage foreclosure action. We reverse.
The transactions material to the issues raised in this appeal appear as follows: On December 1, 1972 Dalcamp deposited $45,000 with Furlong for the purchase of mineral deposits in place at $11,000 per acre on approximately 40 acres of real property controlled and held by Furlong. The agreement provided that Dalcamp, as buyer, would deliver to Furlong, as seller, a purchase money mortgage payable in $35,000 quarterly installments and that upon receiving the downpayment and each quarterly payment, Furlong would release from the mortgage of the mineral deposits, three acres for each payment. On April 13, 1973 Furlong executed and delivered to First National Bank of Hialeah a $500,000 promissory note and mortgage payable quarterly encumbering the same 40 acres upon which Dalcamp held the contract to purchase the minerals, together with a hypothecation security agreement wherein Furlong assigned his rights contained in the December 1, 1972 deposit receipt agreement to the Bank. On May 1, 1973, in exchange for a warranty deed to the mineral deposits, Dalcamp executed and delivered to Furlong a $366,870.77 promissory note and purchase money mortgage which provided for the agreed acreage mineral releases. In June 1973 Furlong defaulted on his payments to the Bank and on November 28, 1973 at the Bank's insistence, Furlong assigned the Dalcamp note and mortgage to the Bank. In July 1974 the Bank filed suit to foreclose the April 13, 1973 mortgage. Dalcamp also was joined in the foreclosure action because of its interest in the subject property by virtue of its deed to the mineral deposits. Defendants Dalcamp and Furlong alleged as an affirmative defense that the Bank refused to execute the mineral releases from the encumbrance of the April 13, 1973 mortgage upon the tendering of the quarterly payments by Dalcamp. As a result of the Bank's refusal to execute the releases, Dalcamp was unable to sell the mined mineral deposits and thereupon refused to make further payments under the terms of the note and mortgage causing the mortgage to fall into default. Following pretrial discovery, the Bank's motion for summary judgment was granted and a final decree of foreclosure was entered. Furlong and Dalcamp appeal.
*408 Defendants who are appealing from summary final judgment are entitled to have the record reviewed so that every reasonable inference is drawn in their favor; whereas, plaintiff, the moving party, has the burden of conclusively showing the absence of genuine issues of material fact. If the existence of such issues or the possibility of their existence is reflected in the record or the record even raises the slightest doubt in this respect, the summary judgment must and will be reversed. Williams v. Florida Realty & Management Company, Fla.App. 1973, 272 So.2d 176. The defendants in their affirmative defenses raise genuine issues of material fact with regard to the oral and documentary evidence presented in support of their contention that the Bank, upon inducing Furlong to execute the April 13, 1973 mortgage, note and hypothecation agreement, was relying upon Dalcamp (by virtue of its agreement of December 1, 1972 with Furlong) to meet the quarterly payments from the proceeds of the sale of the mined minerals which could only be effectuated upon the Bank granting the releases.
Further, we must reject the Bank's argument that the parol evidence rule prevents the defendants from varying the terms of the April 13, 1973 mortgage by demonstrating that the Bank agreed to the granting of the releases from the encumbrances of the mortgage upon the making of the payments. First, defendants allege there is documentary evidence as well as oral testimony to support this contention. Second, parol evidence is admissible to establish a contemporaneous oral agreement which induced the execution of a written contract, though it may vary, change or reform it, provided that the oral agreement is shown by clear, precise and indubitable evidence. Mallard v. Ewing, 121 Fla. 654, 164 So. 674 (1935); Healy v. Atwater, Fla.App. 1972, 269 So.2d 753.
Accordingly, the summary final judgment and final decree of foreclosure is reversed and the cause remanded to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded.