McCORD, Acting Chief Judge.
Appellants appeal an order dismissing with prejudice their amended complaint as to appellee/Schroff contending that a civil cause of action exists against him for solicitation of maintenance in violation of Section 877.01(2), Florida Statutes (1977), a criminal statute. We disagree and affirm the trial court.
Appellants’ contention is that appel-lee/Schroff, a plaintiff in an earlier suit, successfully solicited funds from a labor union for the legal fees and costs of prosecution of the earlier suit although the labor union was not a party to, but rather was a stranger to, the earlier suit in violation of § 877.01, Florida Statutes. While a civil action to recover damages for maintenance did lie at common law, we have found no common law action for solicitation of maintenance nor has authority for such an action been cited to us. Appellants contend that, by virtue of the common law, a civil action for maintenance exists in Florida and § 877.01(2), Florida Statutes (1977), has the effect of expanding the maintenance action to include solicitation of maintenance. Maintenance has been defined as:
. . .an officious intermeddling in a suit which in no way belongs to the intermeddler by maintaining or assisting either party to the action, with money or otherwise, to prosecute or defend it. In other words, it is the intermeddling in a suit by a stranger, one having no privity or concern in the subject matter and standing in no relation of duty to the suitor.’ ”
Anderson v. Trade Winds Enterprises Corp., 241 So.2d 174, 176 (Fla. 4th DCA 1970), cert. denied 244 So.2d 432 (1971), quoting 14 Am. Jur.2d Champerty and Maintenance § 2 (1964) at 843. If we assume arguendo that under the common law a cause of action for maintenance exists in Florida, such action does not lie as to appellee Schroff because he was a party-plaintiff in the prior lawsuit and, thus, could not be characterized as an intermeddler or stranger to that action. See Harry Pepper & Associates, Inc. v. Lasseter, 247 So.2d 736 (Fla. 3rd DCA 1971).
Appellants contend, as aforesaid, that § 877.01(2), Florida Statutes (1977), expands the common law action of maintenance into a civil cause of action for solicitation of maintenance. Not only is no authority cited for this position, but the legislative intent, as expressed in the statute itself, indicates a contrary intent. § 877.01(5) states as follows:
“This section shall be taken to be cumulative and shall not be construed to amend or repeal any other valid law, code, ordinance, rule, or penalty now in effect.”
AFFIRMED.
SHIVERS, J., and MASON, ERNEST E., Associate Judge, concur.