407 So.2d 1082 (1982)
FLORIDA STATE BANK OF TALLAHASSEE, Appellant,
v.
Curtis HONEY and Hearl Brogan, Appellees.
No. AB-90.
District Court of Appeal of Florida, First District.
January 5, 1982.
L. Lee Williams, Jr., of Peeples, Earl, Moore & Blank, Tallahassee, for appellant.
R. Lee Dorough, Tallahassee, for appellee Honey and Neil H. Butler of Pennington, Wilkinson, Gary & Dunlap, Tallahassee, for appellee Brogan.
McCORD, Judge.
Appellant, Florida State Bank (Bank), appeals the trial court's denial of its claim against appellees in Count III of its complaint against several defendants. We reverse.
*1083 In Count III, appellant sought judgment against appellees on the basis of their execution of an unconditional guaranty in favor of appellant wherein they guaranteed "all existing and future debts, whether absolute or contingent" of Honey Lease/Rental/Sales, Inc. to the Bank. The guaranty was executed at a time when Honey Lease/Rental/Sales borrowed $5,000 from appellant. Appellant submitted that the debt for which it seeks recovery arose when appellant paid checks on Honey Lease/Rental/Sales' corporate checking account maintained at the Bank which resulted in an overdraft in the amount of $43,103.
In their answer, appellees admitted that Honey Lease/Rental/Sales maintained the checking account, and they admitted their execution and delivery of the guaranty. The answer raised several affirmative defenses, one of which was that the guaranty was only meant to guarantee loans made by the Bank to appellees which would not include overdrafts. The trial court denied appellant's motion to strike that affirmative defense.
In its final judgment, the trial court found that there is no ambiguity in the language of the guaranty and that the debt created by the overdraft is included under the terms of the guaranty. The court stated further, however, that even over the objections of appellant that parol testimony would alter the unambiguous terms of the written guaranty, the court accepted parol testimony that neither party anticipated at the time the guaranty was executed that a corporate overdraft would occur creating a corporate indebtedness and, consequently, no one anticipated that individual liabilities resulting from an overdraft would arise. The court thereupon ruled that appellant was not entitled to recovery of the overdraft amount from appellees.
The trial court correctly found no ambiguity in the guaranty and that the overdraft was a debt which was included in the language of the guaranty. Consequently, the trial court erred in allowing parol testimony to contradict the unambiguous terms of the guaranty. See Smith Engineering and Construction Company v. U.S. Fidelity and Guaranty Company, 199 So.2d 302 (Fla. 1st DCA 1967), and E.A. Turner Construction Company v. Demetree Builders, Inc., 141 So.2d 312 (Fla. 1st DCA 1962).
Foster v. Terenio, 158 Fla. 883, 30 So.2d 531 (1947), relied upon by appellees, is distinguishable. In Foster, the court ruled that:
Where a party admits that a written instrument does not voice the entire agreement (as the sellers did here), it is clear that he cannot rely on the principal of law that parol evidence will not be allowed to vary the terms and conditions of a contract in writing.
Appellees relate that one of appellant's vice presidents testified that when the corporate checking account (on which the overdraft was made) was opened, no guaranty was required by the Bank; that the guaranty was executed in conjunction with the $5,000 note; that the guaranty would not have been required except for execution of the note; that the only purpose of the term "unlimited" in the guaranty was to cover any future borrowings by the corporation. This testimony was not an admission that there was an additional agreement or there were additional agreements between the parties that were not put into the contract as was the situation in Foster. The testimony here related only to the intent of the parties at the time the guaranty contract was executed. Such parol evidence of intent was not admissible. Parol evidence may not be used to create ambiguity in an unambiguous agreement. The court erred in admitting parol evidence to vary and contradict the unambiguous terms of the guaranty.
REVERSED.
MILLS, J., and AGNER, ROYCE, Associate Judge, concur.