## CHASE MANHATTAN BANK,
### Plaintiff-Appellant,

v.

## E.B. ROOD, a/k/a Ed Rood, Sr.,
### Defendant-Appellee.

### No. 82–5014.

United States Court of Appeals,
Eleventh Circuit.

Feb. 14, 1983.

Rehearing and Rehearing En Banc
Denied March 31, 1983.

Raymond T. Elligett, Jr., Thomas C. MacDonald, Jr., Tampa, Fla., for plaintiff-appellant.

E.B. Rood, pro se.

Before GODBOLD, Chief Judge, HENDERSON, Circuit Judge, and TUTTLE, Senior Circuit Judge.

ALBERT J. HENDERSON, Circuit Judge:

This appeal grows out of a diversity action brought by the plaintiff-appellant, Chase Manhattan Bank (Chase), against the defendant-appellee, E.B. Rood, to recover on a personal guaranty.

During the summer of 1979, Chase made a loan to Special Event Entertainment (SEE), a movie production company. Rood, a Tampa, Florida attorney, participated in the financing. SEE collateralized the loan by obtaining letters of credit from a Tampa bank and then making an irrevocable assignment of those letters to Chase. The Tampa bank issued the letters based on a personal guaranty executed by Rood. Chase soon became concerned about unpaid interest on the loan. A Chase officer, Fred Solana, discussed the delinquency with Rood during a luncheon meeting in New York on August 23, 1979. The controversy here centers on the events that transpired during that meeting. According to Chase, Rood agreed to give an unconditional personal guaranty assuring payment of the

interest on the SEE loan. Chase further asserts that Rood requested the bank to forego the collection of the interest payments by way of set-off against SEE's account. By contrast, Rood claims that he promised to direct SEE to deposit funds in its checking account at Chase, so that the bank could collect the interest via a set-off against those monies. He says that the parties understood the written guaranty to be conditioned upon his failure to obtain that transfer or the failure of SEE to maintain adequate funds to meet the interest obligations.

As a consequence of the meeting, Rood mailed Chase a one line letter containing an unconditional guaranty. About the same time, SEE made large deposits in its Chase checking accounts. The bank evidently used the funds to honor outstanding checks written against the account. When SEE failed to pay the interest in accordance with the loan agreement, Chase collected the approximately $8,000.00 remaining in the account and applied it to the interest due on the note. The bank then made a written demand on Rood for the balance of the interest. He refused payment and Chase filed this suit.

During the course of the trial, Rood attempted to give his version of the August 23, 1979 conversation with Solana. Chase promptly objected on the ground that the parol evidence rule barred such testimony. The district court summarily overruled the objection and the testimony became a part of the evidence before the jury. At the close of the case, the trial court submitted a special verdict to the jury, pursuant to Fed. R.Civ.P. 49(a). In response to the questions included in that verdict, the jury found that Rood's letter constituted a guaranty, that the guaranty was supported by valid consideration, but that the parties orally agreed that Chase would first collect the interest from funds placed in SEE's checking accounts. This third finding absolved Rood from liability, so the jury did not answer the remaining three questions pertaining to damages. The district court entered a judgment in accordance with the verdict and denied Chase's motions for a judgment notwithstanding the verdict and for a new trial, which reasserted the parol evidence objections. Because the district court erred in admitting Rood's testimony concerning his conversation with Solana, we reverse.

■ Under Florida law,[1] evidence of a prior or contemporaneous oral agreement is inadmissible to vary or contradict the unambiguous language of a valid contract. *E.g., Anderson v. Trade Winds Enterprises Corp.*, 241 So.2d 174, 177 (Fla.Dist.Ct.App. 1970), *cert. denied*, 244 So.2d 432 (Fla.1971); *Wise v. Quina*, 174 So.2d 590, 596 (Fla.Dist. Ct.App.1965); *see also Uransky v. First Federal Savings and Loan Assoc.*, 684 F.2d 750, 754 (11th Cir.1982). This exclusionary principle is equally controlling in the case of a written guaranty. *Bryant v. Food Machinery and Chemical Cor. Niagara Chemical Division*, 130 So.2d 132, 134 (Fla.Dist.Ct. App.1961). The Florida courts have invoked the rule to exclude parol testimony in factual contexts virtually identical to that in the case at hand.

1. Although federal law ordinarily governs the admissibility of evidence in a diversity action, the parol evidence rule is treated as a rule of substantive law. *See, e.g., Southern Stone Co., Inc. v. Singer*, 665 F.2d 698, 701 (5th Cir.1982) (Unit B). We assume that Florida law is the applicable substantive law in this case, since both parties have briefed and orally argued Florida authority on appeal. Although the plaintiff cited New York cases in a pre-trial memorandum to the district court, it has since urged the application of Florida law, as evidenced by the briefs filed in its motion for a judgment notwithstanding the verdict or for a new trial. We note that it is at least arguable that New York law does govern the resolution of this case. *See Your Construction Center, Inc. v. Dominion Mortgage & Realty Trust*, 402 F.Supp. 757, 758 (S.D.Fla.1975); *see also New England Merchants National Bank v. Rosenfield*, 679 F.2d 467, 471 (5th Cir.1982) (Unit B). Nevertheless, because the parties rely upon Florida law, we presume its applicability.

*See Southern Stone Co.*, 665 F.2d at 701; *N.K. Parrish, Inc. v. Southwest Beef Industries Corp.*, 638 F.2d 1366, 1370 n. 3 (5th Cir.), *cert. denied*, 454 U.S. 1047, 102 S.Ct. 587, 70 L.Ed.2d 488 (1981). *Smith v. New York Life Insurance Co.*, 579 F.2d 1267, 1270 n. 5 (5th Cir.1978).

In *Anderson,* the guarantors attempted to disclaim liability on a guaranty,[2] despite its categorical language. They alleged that they actually agreed only to guarantee payment in the event that the obligee, in the exercise of due diligence, could not collect from the maker of the note. 241 So.2d at 177. The court emphatically rejected the argument, stating that "[i]f a written contract in unambiguous terms expresses an unconditional guarantee, then the guaranty is absolute and the guarantor's liability cannot be limited or qualified by parol evidence as to a prior or contemporary understanding." *Id.* Finding the contract unambiguous, the court held that it created an unconditional guaranty as a matter of law. *Id.*

Similarly, in *Florida State Bank of Tallahassee v. Honey,* 407 So.2d 1082 (Fla.Dist. Ct.App.1982), another Florida court precluded the use of parol evidence to contradict the written terms of an unambiguous guaranty. The disputed agreement in that case assured payment of "all existing and future debts, whether absolute or contingent," owed by the original obligor. 407 So.2d at 1083. At the time that the contract was executed, the obligee bank had made a loan to the obligor. Thereafter, the obligee bank paid outstanding checks on the debtor's account, which resulted in an overdraft. The bank then sought recovery of the amount of that overdraft from the guarantors. *Id.* In the subsequent trial, the court found no ambiguity in the written guaranty, construing the "debt" language to encompass the overdraft. *Id.* Notwithstanding this statement, the judge admitted parol evidence suggesting that the parties intended the agreement to guarantee payment only of loans made to the debtor, and not of any overdrafts. On the basis of that testimony, the trial court denied recovery by the bank. *Id.* The Florida appellate court reversed and held that

[t]he testimony here related only to the *intent* of the parties at the time the guaranty contract was executed. Such parole evidence of intent was not admissible. Parol evidence may not be used to create ambiguity in an unambiguous agreement. *Id.* (emphasis in original); *see also Taran v. Sea Coast Appliance Distributors, Inc.,* 164 So.2d 274, 275 (Fla.Dist.Ct.App.1964) (if unambiguous, a guaranty's "written terms absorb any prior oral agreements").

■ *Anderson* and *Honey* dictate the result in this case. Rood's letter was unequivocal; it simply stated, "[t]his letter is to serve as my personal guarantee that I will pay the interest due your bank by Special Event Entertainment." There is not even a suggestion that the obligation was contingent upon Chase's inability to collect the interest from SEE's bank accounts. The letter contained an unconditional guarantee and, in the absence of any ambiguity, Rood's parol testimony about a disputed oral understanding between the parties was inadmissible. Like the agreement at issue in *Anderson,* the letter created an absolute guaranty as a matter of law.

In an effort to circumvent the clear import of these cases, Rood advances two arguments. First, he urges the admissibility of his testimony under an exception to the parol evidence rule. In *Mallard v. Ewing,* 121 Fla. 654, 664, 164 So. 674, 678 (1935), the Florida Supreme Court observed that "[i]t is also a generally recognized rule that parol evidence is admissible to establish a contemporaneous oral agreement which induced the execution of a written contract, though it may vary, change, or reform the instrument." *See also Furlong v. First National Bank of Hialeah,* 329 So.2d 406, 408 (Fla.Dist.Ct.App.), *cert. denied,* 341 So.2d 291 (Fla.1976); *Healy v. Atwater,* 269 So.2d 753, 755 (Fla.Dist.Ct.App.1972), *cert. denied,* 275 So.2d 537 (Fla.1073); *Wise v. Quina,* 174 So.2d 590, 597 (Fla.Dist.Ct.App.1965). This exception has been applied in a variety of

---

**2.** The agreement at issue in that case read,

[i]n the event of failure on the part of The Trade Winds Enterprises Corporation to meet the conditions of the above note, payment of this note is further guaranteed by

The Four Saints, Walter A. Bouillet, Douglas E. Evans, John R. Howell, Gerald L. DuChene and Robert W. Erickson.

241 So.2d at 177.

situations. For example, in *Healy,* the parties executed a real estate listing agreement, which granted the realtors an exclusive right of sale during a six-month period. If the property was sold, the realtors would receive a commission. The owners, however, sold the property to someone with whom they had been negotiating prior to entering into the listing agreement. When the real estate agents sued to recover their commission, the owners contended that the parties orally agreed that the commission provision did not cover the sale to that potential buyer. The owners further alleged that this understanding "induced" their execution of the listing contract. Relying upon the language in *Mallard,* the court held that parol testimony of the alleged oral agreement was admissible. 269 So.2d at 754; *see also Wise,* 174 So.2d at 597 (evidence of developer's oral representation that part of subdivision would be reserved for recreational use was admissible, because it induced the purchase).

Predictably, Rood characterizes his testimony at the trial as evidence of a contemporaneous oral agreement that induced the execution of the written guaranty. For that reason, he claims, the parol evidence rule did not bar its introduction.[3] We do not believe, however, that his testimony falls within the contours of the exception. In *Mallard,* the court emphasized that the inducement exception "requires the agreement to be shown by evidence that is clear, precise, and indubitable; that is it shall be found that the witnesses are credible, that they distinctly remember the facts to which they testify, and that they narrate the details exactly and that their statements are true." 121 Fla. at 664, 164 So. at 678; *see*

*also Furlong,* 329 So.2d at 408; *Wise,* 174 So.2d at 596–97. Moreover, "[t]his high burden of proof must be met by the party submitting the parol evidence . . . or it will not be allowed under this exception." *Healy,* 269 So.2d at 755. Rood's testimony did not satisfy this "high burden of proof." He relied on his own self-serving testimony to establish the alleged oral agreement. He offered no other relevant evidence to substantiate his version of the August 23rd meeting with Solana. Conversely, Solana completely denied Rood's account of the luncheon. Under these circumstances, the evidence of the alleged contemporaneous understanding was far from "indubitable."[4] On that basis, he cannot invoke Florida's inducement exception to evade the exclusion mandated by the parol evidence rule. *Healy,* 269 So.2d at 755.

▪ Rood also claims that, by failing to object to his testimony about the alleged oral agreement and later introducing testimony on the issue itself, Chase waived its right to assert the error on appeal. This contention is refuted by the record. At Rood's first mention of an oral agreement different from that contained in the letter, Chase promptly objected on the ground that parol testimony was inadmissible to vary the terms of the unambiguous guaranty. Trial Transcript at 35. After the lunch recess, the bank renewed its objection, this time in the form of a motion to strike. *Id.* at 109. Chase again reiterated its position in its motion for a directed verdict made at the close of the evidence. *Id.* at 175–176, 179. During the charge conference the plaintiff reminded the court of the objection. *Id.* at 200. Chase also specifically objected to the submission of the third in-

---

**3.** To some extent, the two lines of authority relied upon by the parties appear to be contradictory. On the one hand, the facts in *Healy* resemble those in this appeal, in that the owners claimed that a facially unconditional agreement was subject to an exception orally agreed upon. 269 So.2d at 754. In contrast, *Anderson* involved a guaranty, and an alleged oral condition, identical to the parties' contentions in this case. 241 So.2d at 177. Yet, the *Anderson* court did not apply, or even address, the "inducement" exception. We need not undertake the difficult task of harmonizing the Florida

cases, in view of our conclusion that Rood's testimony did not satisfy the threshhold requirement of that exception.

**4.** We do not mean to imply that Rood's testimony necessarily lacked credibility. Rather, we do not believe that, when the existence of the contemporaneous oral agreement rests solely on a credibility choice between two witnesses, the proof of that accord is "clear, precise, and indubitable." *See Mallard,* 121 Fla. at 664, 164 So. at 678.

terrogatory dealing with an oral agreement. *Id.* at 264. Finally, the bank relied primarily on this point in its motion for a judgment notwithstanding the verdict and motion for a new trial.

In spite of this diligent effort, Rood insists that the plaintiff's eventual submission of testimony on the issue, as well as its acknowledgment that if the issue was properly in the case, it should be decided by the jury, essentially amounted to a consent to admit the testimony. It would be unfair to place the plaintiff in the untenable predicament of foregoing any rebuttal of Rood's defense after failing in its vigorous attempts to exclude that evidence. "Otherwise, a party would unfairly be required to give up its opportunity to convince the jury to find in its favor in order to preserve its right to raise evidentiary issues on appeal." *Clark v. City of Los Angeles,* 650 F.2d 1033, 1038 (9th Cir.1981) (discussion in closing argument of evidence admitted over objection does not waive original objection), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 443 (1982). *But see Polk v. Ford Motor Co.,* 529 F.2d 259, 271 (8th Cir.), *cert. denied,* 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976).

In summary, we conclude that Rood's challenges to the application of Florida's parol evidence rule are without merit. That rule precludes the use of parol testimony to contradict the unconditional guaranty contained in his letter to Chase.[5] Accordingly, we REVERSE the judgment of the district court and REMAND the case with instructions to enter a judgment in favor of the plaintiff on the issue of liability and such further proceedings not inconsistent with this opinion. *See, e.g., United States v. Crawford,* 443 F.2d 611, 613 (5th Cir.1971).

REVERSED and REMANDED.

---

**5.** In view of our conclusion that the parol testimony was inadmissible, we need not reach Chase's other contention that Rood was foreclosed from presenting his defense since it was not disclosed either in the pleadings or his pre-trial submission.