PER CURIAM.
Totalbank and Everglades Properties, Inc., appeal a final judgment entered on a jury verdict awarding plaintiffs Sergio Balbin, Cicely Balbin, and World Development Construction Company damages for breach of an oral agreement to pay creditors and for breach of a contractual non-disclosure provision. Plaintiffs cross-appeal from the judgment. We affirm in part, reverse in part and remand with instructions.
We affirm the liability and damage awards in the judgment, finding that Totalbank and Everglades Properties have not demonstrated reversible error. Mallard v. Ewing, 121 Fla. 654, 164 So. 674 (1935); Furlong v. First National Bank of Hialeah, 329 So.2d 406 (Fla. 3d DCA), cert. denied, 341 So.2d 291 (Fla.1976); Healy v. Atwater, 269 So.2d 753 (Fla. 3d DCA 1972), cert. denied, 275 So.2d 537 (Fla.1973). W.W. Gay Mechanical Contractor, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348 (Fla.1989).
Plaintiffs correctly argue on cross-appeal that the court erred in failing to award postjudgment interest on the prejudgment interest. Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996). On remand the court shall make this award.
Additionally, on remand, we direct the trial court to set forth a schedule of creditor payment amounts to effectuate the jury’s award. The schedule shall specify the sums due and owing to the Schedule K creditors and the additional creditor identified at trial. These creditors shall be paid by the trustee according to the court’s schedule. The interest awarded on this portion of the judgment shall be distributed among the creditors, after payment of the attorney’s fees.
In conclusion, the judgment is affirmed in part, reversed in part, and remanded with instructions.