ORFINGER, Judge.
Appellant Marian Mullins appeals from a summary final judgment entered against her for $6,803,898 plus interest, as guarantor of a certain promissory note in the principal sum of 2.5 million dollars. Because we conclude that her guaranty applied only to the original promissory note and not to any additional advances, we reverse.
Appellee Sunshine State Service Corporation (SSSC) loaned 2.5 million dollars to Dove Investments of Hillsborough County, Inc., Heritage Wood ‘N Lake Estates, Inc., C.L.M. Utilities, Inc. and Foremost Services, Inc. for the purpose of developing a manufactured housing development in Sumter County. The corporate borrowers executed a promissory note for that amount which note, among other things provided that the note was secured by a mortgage[1] on certain real property and that the proceeds of the note would be distributed according to a Working Capital Loan Agreement[2] of the same date.
The corporate borrowers also executed a mortgage encumbering real property in Sumter County. The mortgage secures the indebtedness of 2.5 million dollars as well *223 as “the payment of all future advances ...” which the mortgage provides may be made, at the option of the mortgagee within twenty years following the date of the mortgage.
In the action filed below, Count I sought the foreclosure of the mortgage, while Count II sought enforcement of the guaranty executed by appellant. In moving for summary judgment against appellant, SSSC asserted that appellant had guarantied the note and mortgage, that the unpaid principal balance was then in excess of four million dollars and unpaid and accrued interest was then in excess of two million dollars. In interpreting the guaranty to include any obligation for future advances, the trial court erred.
The guaranty, in its entirety, reads as follows:
FOR VALUE RECEIVED, the undersigned and each of them hereby forever waives presentment, demand, protest, notice of protest and notice of dishonor of the above Note, and the undersigned and all of them hereby guarantees the payment of said Note at maturity, and consent without notice to any and all extensions of time or term of payment made by the holder of said Note.
As previously pointed out, the note makes reference to the mortgage only for “rights as to acceleration of the indebtedness evidenced by this Note.” No other terms or conditions of the mortgage are incorporated into the note, and consequently are not covered by the clear and unambiguous language of the guaranty. Neither does the Working Capital Loan Agreement, referenced in the note, incorporate any of the terms of the mortgage. Appellant is correct then in her assertion that her maximum liability on the note is 2.5 million dollars, plus interest thereon.
We reject appellant’s argument that her guaranty was conditional and that the parties intended that efforts to collect the debt from the corporate borrowers must first be exhausted before judgment could be obtained against the guarantors. She contends that the affidavit submitted by the guarantors creates an issue of fact on that question. In Anderson v. Trade Winds Enterprises, Corp., 241 So.2d 174 (Fla. 4th DCA 1970), the court explained:
The law recognizes a distinction between an absolute guarantee and a conditional guarantee. One who undertakes an absolute guarantee of payment by another becomes liable immediately upon default in payment by the other. One who undertakes to conditionally guarantee another’s payment does not become liable until the occurrence of the conditions. Scott v. City of Tampa, 1947, 158 Fla. 712, 30 So.2d 300, 302; Fegley v. Jennings, 1902, 44 Fla. 203, 32 So. 873. Whether a contract of guaranty is absolute or conditional depends on the intent of the parties as expressed in their contract. If a written contract in unambiguous terms expresses an unconditional guarantee, then the guaranty is absolute and the guarantor’s liability cannot be limited or qualified by parole evidence as to a prior or contemporary understanding. Bryant v. Food Machinery And Chemical Corporation Niagara Chemical Division, Fla.App. 1961, 130 So.2d 132, 134, 135. In our opinion, the language of the present written contract is not legally ambiguous and, as a matter of law, creates an absolute guaranty of payment.
Where the guaranty is absolute, the guarantor becomes liable upon non-payment by the principal, and the person in whose favor the guaranty runs has no duty to first pursue the principal before resorting to the guarantors. [Emphasis added].
241 So.2d at 177.
In Trade Winds, the guaranty read:
In the event of failure on the part of The Trade Winds Enterprises Corporation to meet the conditions of the above note, payment of this note is further guaranteed by [names of individual guarantors].
The guaranty here is as absolute and unconditional as was the guaranty in Trade Winds.
We have carefully considered each of appellant’s remaining issues and find them without merit. We note from the *224 record that the judgment appealed from was entered prior to the judgment of foreclosure, but that a foreclosure sale has since taken place. Upon remand, appellant should not be precluded from demonstrating to the court, if she can, that the foreclosure sale reimbursed the mortgagee to an extent as to render it inequitable to enforce the guaranty against appellant, either in whole or in part. See Spencer v. American Advisory Corp., 338 So.2d 62 (Fla. 3d DCA 1976).
The summary final judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
SHARP, W., C.J. and COBB, J., concur.

. The only reference to the mortgage in the promissory note is this language: "The indebtedness evidenced by this Note is secured by a Mortgage (herein “Mortgage") dated of even date herewith, and reference is made to the Mortgage for rights as to acceleration of the indebtedness evidenced by this Note.”

. The note contains this reference: “This Note evidences funds to be disbursed pursuant to a Working Capital Loan Agreement of even date herewith. Interest shall only be charged on the funds actually disbursed and only from the date they are actually disbursed.” The Working Capital Loan Agreement does not itself speak of advances in excess of the stated loan amount.