734 So.2d 577 (1999)
James A. ABRAVAYA, Appellant,
v.
Yanira B. GONZALEZ, Appellee.
No. 98-3200.
District Court of Appeal of Florida, Third District.
June 16, 1999.
Arthur J. Morburger, for appellant.
Yanira E. Gonzalez, in proper person.
Before GERSTEN, FLETCHER, and SHEVIN, JJ.
GERSTEN, J.
James A. Abravaya appeals an order granting a domestic violence injunction in favor of his former girlfriend, Yanira E. Gonzalez. We affirm.
Ms. Gonzalez filed a domestic violence petition seeking an injunction against Mr. Abravaya after a traffic incident. At the domestic violence injunction hearing, Ms. Gonzalez testified that Mr. Abravaya threatened her well being by driving his truck on an expressway in an erratic and threatening manner. According to Ms. Gonzalez, Mr. Abravaya intentionally prevented her from exiting the highway at her *578 desired exit and rear-ended her vehicle a couple of times. The trial court found Ms. Gonzalez's testimony to be credible and granted the domestic violence injunction.
On appeal, Mr. Abravaya argues that the trial court abused its discretion in granting the domestic violence injunction, claiming the evidence was insufficient to support it. We disagree.
Ms. Gonzalez's testimony, alone, sufficed to support the issuance of the instant injunction. See e.g. Thomas v. State, 167 So.2d 309 (Fla.1964); Moore v. State, 468 So.2d 1081 (Fla. 3d DCA 1985); Polaco v. Smith, 376 So.2d 409 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 640 (Fla.1980). Her testimony was internally consistent and was, furthermore, consistent with testimony provided by an independent bystander.[1]
The facts of this case sadly reflect a pattern of behavior commonly known as the "general cycle of domestic violence."[2] We commend the trial judge for his astute credibility determination in deciding to grant the domestic violence injunction. Hopefully, this early grant of injunctive relief will help prevent the cycle of domestic violence from escalating to the consequence that all domestic violence judges dread  injury or death.
Affirmed.
NOTES
[1] This bystander's testimony would also have sufficed, alone, to support the issuance of the instant injunction.
[2] The cycle of domestic violence is commonly believed to consist of three distinct phases: the tension-building phase, the aggressive acts or battery phase, and the loving and apologetic phase. See e.g. Laurie Salame, A National Survey of Stalking Laws: A Legislative Trend Comes to the Aid of Domestic Violence Victims and Others, 27 Suffolk U.L.Rev. 67, 83 (1993).