900 So.2d 774 (2005)
Joseph A. BULLARD, Appellant,
v.
ANHEUSER BUSCH and Specialty Risk Services, Appellees.
No. 1D04-1062.
District Court of Appeal of Florida, First District.
May 5, 2005.
Daniel J. Glary, Jacksonville, for Appellant.
Benford L. Samuels, Jr., and Blake J. Hood, Jacksonville, for Appellees.
HAWKES, J.
Joseph Bullard (claimant) appeals a workers' compensation order denying him certain compensation benefits. He complains that no competent substantial evidence (CSE) supports the judge of compensation claims' (JCC) conclusions that (1) he did not require psychiatric or psychological care as a result of his industrial injury; (2) he was not entitled to additional temporary partial disability (TPD) benefits *775 on the ground that no causal connection exists between his asserted claim for psychiatric care and his employment-related injury; and (3) he was not entitled to additional permanent impairment (PI) benefits. We affirm as to the first two issues, and reverse and remand with directions as to the third.

I. The Denial of the Psychiatric Care Claim
Under section 440.09(1), Florida Statutes (1999), an injured worker must establish any injury "to a reasonable degree of medical certainty and by objective medical findings. Mental or nervous injuries occurring as a manifestation of an injury compensable under this section shall be demonstrated by clear and convincing evidence." Id. The appellate court does not assess whether it is possible to recite contradictory record evidence which supports the argument rejected below, nor does it retry the case and substitute its judgment for the JCC's on factual matters supported by competent, substantial evidence. See Louisiana Pacific Corp. v. Harcus, 774 So.2d 751 (Fla. 1st DCA 2000).
Here, the JCC found the claimant failed to prove he required psychiatric or psychological care as a result of his industrial injury. In reaching this finding, the JCC accepted Dr. Sanchez' testimony that he did not detect any evidence of significant depressive symptomatology, "there were no objective signs of depression like sad affect, suicidal thoughts, . . . or any thoughts like it," the examination revealed claimant's mood was that of a normal individual, and although claimant may have "depressive sad" elements, that was insufficient to characterize him as having a psychiatric syndrome.
This testimony constitutes competent, substantial evidence from which the JCC could determine claimant did not prove by clear and convincing evidence that he required psychiatric treatment. Because we are not permitted to reweigh the evidence, or substitute our judgment for that of the JCC, and the JCC's findings are supported by competent, substantial evidence, we affirm as to this issue.

II. The Denial of the TPD Benefits Claim
The JCC's denial of temporary indemnity benefits was based on his finding that claimant failed to show medical necessity for psychiatric treatment. Because our resolution of the first issue is dispositive as to this issue, we affirm.

III. The Denial of the Claim for Additional PI Benefits
The JCC found that claimant had reached anatomic maximum medical improvement (MMI) on December 9, 2002, and all indemnity benefits had been paid. The JCC's order did not specifically address the claim for the payment of additional impairment benefits. The parties stipulated claimant had been paid temporary benefits owed through December 11, 2002. However, the record is unclear as to how many weeks in total claimant was paid such benefits. Moreover, the JCC's order reflects he accepted an orthopedist's medical opinion that claimant was at MMI with an impairment rating of either 12 percent or 14 percent, entitling claimant to a total of 36 weeks or 42 weeks of impairment benefits, respectively.See § 440.15(3)(a)3.a., Fla. Stat. (1999). Since the order mentions both impairment ratings, we cannot determine which rating is accurate. Because the record is unclear as to claimant's permanent impairment rating, and the number of weeks claimant received impairment benefits, the case is remanded for the JCC to resolve these factual issues and determine the amount of *776 benefits, if any, to which claimant is entitled.[1]
REVERSED and REMANDED.
DAVIS J., concurs, ERVIN, J. concurs with opinion.
ERVIN, J., concurring.
Although I concur with the majority's resolution of the first two issues, I feel constrained to write separately in regard to its disposition of the third. While I agree that remand is required as to the denial of the claim for additional permanent impairment (PI) benefits, I nevertheless consider the record is sufficiently clear to show appellant was given a 14 percent anatomic rating. The JCC's order referred to a treating orthopedist's deposition testimony in which the doctor opined that claimant reached MMI on December 9, 2002, with a 14 percent rating, which is confirmed by the hearing transcript in which the JCC reviewed the stipulations at the beginning of the hearing, and ascertained there was no dispute as to the 14 percent rating.
It appears to me that the only uncertainty remaining is the amount of credit the employer should be allowed because of the disability benefits previously paid claimant, i.e., what portion thereof should be credited to PI payments. I would therefore remand with directions that the JCC award PI benefits to claimant at the rate of 14 percent, and that he thereafter determine the remaining weeks for which claimant may be entitled to same.
NOTES
[1] In so concluding, we reject the employer's argument that claimant did not preserve this issue by raising it below. The record in fact discloses that the claim was mentioned in the pretrial stipulation, in claimant's trial memorandum, and in the opening statement to the JCC, and the JCC noted for the record that claimant was seeking the payment of additional impairment benefits.