969 So.2d 533 (2007)
Scott LAHODIK, Appellant/Former Husband,
v.
Rebecca LAHODIK, Appellee/Former Wife.
No. 1D06-6602.
District Court of Appeal of Florida, First District.
November 26, 2007.
*534 Jonathan J. Luca, Jacksonville, for Appellant.
Deborah L. Greene of Smith Green & Combs, Jacksonville, for Appellee.
HAWKES, J.
Appellant Scott Lahodik appeals the trial court's order, which modified the parties' mediated settlement agreement to award temporary child support during the pendency of modification proceedings, as well as the order which modified the children's custody. Our review reveals the trial court acted well within its discretion, and its findings were supported by competent, substantial evidence. Accordingly, we affirm both orders in all respects.
However, we conclude Appellant's appeal is frivolous. We write only to impose attorneys' fees against Appellant pursuant to section 61.16(1), Florida Statutes, and to reiterate that, although parties may have a legal right to file an appeal, a party who files an appeal lacking merit when applying the proper appellate standard of review risks the imposition of attorneys' fees.
Here, one of Appellant's arguments is that, because the parties previously established their child support obligations through a settlement agreement, the trial court was precluded from awarding temporary child support based on the Law of the Case doctrine. The "Law of the Case" has been defined as meaning "whatever is once irrevocably established as the controlling legal rule of decision between the same parties in the same case continues to be the `law of the case,' whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts of the case *535 before the court." State ex rel. Outrigger Club, Inc. v. Barkdull, 277 So.2d 15, 16-17 (Fla.1973) (emphasis added); see also Barry Hinnant, Inc. v. Spottswood, 481 So.2d 80 (Fla. 1st DCA 1986).
The parties' settlement agreement placed the children with Appellant, and required Mother to pay child support. However, the children were subsequently removed from Appellant's home and placed with Mother based on Appellant's request due to a complaint filed against him through the Department of Children and Families. Clearly, the facts upon which the parties' agreement was based changed. Because the children were residing with Mother, it was within the trial court's discretion to abate Mother's child support obligation and order Appellant to pay temporary child support until the final custody modification proceeding could be held. The law of the case doctrine is well-established, and Appellant knew or should have known the facts upon which the parties' settlement agreement was based had changed. Consequently, Appellant knew or should have known his argument based on the law of the case doctrine was completely lacking in legal merit.
Most of Appellant's remaining arguments are conclusory assertions of trial court error, with little or no citation to case law. In the arguments he develops, Appellant reweighs facts found by the trial court, which are supported by competent, substantial evidence.
It is well-established that the appellate court does not re-weigh the evidence or the credibility of witnesses. See Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976); Futch v. Head, 511 So.2d 314, 317 (Fla. 1st DCA 1987); Froman v. Froman, 458 So.2d 833 (Fla. 3d DCA 1984). Similarly, the appellate court does not assess whether it is possible to recite contradictory record evidence which supports arguments rejected below, nor does it retry the case or substitute its judgment for the trial court's on factual matters supported by competent, substantial evidence. See Bullard v. Anheuser Busch, 900 So.2d 774, 775 (Fla. 1st DCA 2005); La. Pac. Corp. v. Harcus, 774 So.2d 751 (Fla. 1st DCA 2000); Fla. Mining & Materials v. Mobley, 649 So.2d 934, 934 (Fla. 1st DCA 1995) ("case[s] may not be retried on appeal, and a ruling which is supported by competent, substantial evidence will be upheld even though there may be some persuasive evidence to the contrary.").
We have previously stated that "[a]ttorneys who do not present their appellate arguments in the context of this standard of review fail in their obligations to their clients and to this court, and risk the imposition of sanctions." See Frederick v. United Airlines, 688 So.2d 412, 414 (Fla. 1st DCA 1997). That is precisely what happened here. The trial court's orders are AFFIRMED, Appellee is awarded appellate attorneys' fees, and the case is REMANDED to the trial court to determine a reasonable fee.
AFFIRMED and REMANDED.
BARFIELD, and WOLF, JJ., concur.