COHEN, J.
 

 Fort Plantation Investments, LLC (“Fort Plantation”), David Fort, Claudia Fort, C.A.M.P.U.S. Development Group, Inc., and Fortgroup Development, LLC (collectively the “guarantors”), appeal from a final summary judgment entered in favor of Ironstone Bank, FSB (the “bank”), on its complaint to foreclose a mortgage and for damages against the guarantors of a promissory note. We affirm without prejudice for appellants to seek set-off.
 

 Fort Plantation borrowed $1,035,000 in the form of a construction loan, and in return executed and delivered a promissory note in that amount to the bank. The note was secured by a mortgage on a two-parcel property located in St. Johns County and commercial guaranties executed by each of the guarantors, wherein they promised to fulfill Fort Plantation’s obligations under the note and mortgage.
 

 After Fort Plantation defaulted, the bank filed a complaint against Fort Plantation and the guarantors. In counts I and II, the bank sought to recover against Fort Plantation on the note, and to foreclose the mortgage on the property. In counts III, IV, V and VI, the bank sought money judgments against the guarantors for the full amount due under the note. An answer was filed with no affirmative defenses.
 

 After a summary judgment hearing, the trial court entered final judgment in the bank’s favor. In the judgment, the court directed the guarantors to pay the bank $1,165,240.33, plus statutory interest, and the court ordered the clerk to sell the property at a public sale to recover any unpaid amount due to the bank. The court expressly retained jurisdiction to enter further orders that were proper, including any deficiency judgment. On a motion for rehearing, the court entered an order abating the bank’s collection efforts against the guarantors until completion of the foreclosure sale.
 

 On appeal, Fort Plantation and the guarantors argue the trial court’s final judgment was procedurally improper and constitutes reversible error. Specifically, they claim the bank was not entitled to monetary damages under the guaranties until after completion of the foreclosure sale and finding of a deficiency judgment.
 

 In Florida, the drawer or maker of a negotiable instrument and any party who guaranteed payment thereof may be sued in the same action. § 46.041(1), Fla. Stat. (2010). “A suit on a guaranty and a foreclosure action are not inconsistent remedies, and therefore pursuit of either of those remedies without satisfaction is not a bar to the pursuit of the other.”
 
 Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C.,
 
 438 So.2d 408, 409 (Fla. 2d DCA 1983).
 

 
 *1171
 
 A guaranty is a promise to pay the debt of another on the default of the person primarily liable for payment or performance.
 
 New Holland, Inc. v. Trunk,
 
 579 So.2d 215, 216-17 (Fla. 5th DCA 1991). A distinction exists between an absolute guaranty and a conditional guaranty.
 
 Mullins v. Sunshine State Serv. Corp.,
 
 540 So.2d 222, 223 (Fla. 5th DCA 1989). As to an absolute guaranty, the guarantor becomes liable immediately upon default in payment by another, whereas under a conditional guaranty, the guarantor does not become liable until the occurrence of certain conditions.
 
 Id.
 
 (citing
 
 Anderson v. Trade Winds Enters., Corp.,
 
 241 So.2d 174, 177 (Fla. 4th DCA 1970)). In
 
 Anderson,
 
 the court explained:
 

 If a written contract in unambiguous terms expresses an unconditional guarantee, then the guaranty is absolute....
 

 Where the guaranty is absolute, the guarantor becomes hable upon non-payment by the principal, and the person in whose favor the guaranty runs has no duty to first pursue the principal before resorting to the guarantors.
 

 241 So.2d at 177.
 

 The guaranties signed and executed by the guarantors in this case are unambiguously absolute and unconditional.
 
 [1]
 
 After Fort Plantation defaulted, the bank was entitled to pursue a guaranty action against the guarantors, irrespective of filing a foreclosure action against the mortgagor. The bank’s pursuit of both actions in the same suit was permissible, and the trial court did not err in awarding it a money judgment against the guarantors in the final judgment.
 

 However, where there is a money judgment entered against a guarantor pri- or to a foreclosure sale, the guarantor should be allowed to demonstrate that the foreclosure sale reimbursed the mortgagee to the extent that the sale would render enforcement of the guaranty inequitable, either in whole or in part.
 
 Mullins,
 
 540 So.2d at 224. Here, the trial court did not indicate in the final judgment or the abatement order that appellants were entitled to seek set-off or a credit of the foreclosure sale proceeds. The trial court’s order is affirmed without prejudice for appellants to seek set-off. There is no merit to the remaining issue raised.
 

 AFFIRMED, without prejudice for appellants to seek set-off.
 

 MONACO and TORPY, JJ., concur.
 

 [1]
 

 . The guaranties provide:
 

 For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower’s obligations under the Note and Related Documents. This is a guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender’s remedies against anyone else obligated to pay the indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of the Indebtedness. Guarantor will make any payments to Lender or its order, on demand ... without set-off or deduction or counterclaim, and will otherwise perform Borrower's obligations under the Note and Related Documents. Under this Guaranty, Guarantor’s liability is unlimited and Guarantor’s obligations are continuing.
 

 Fortgroup’s guaranty contains different language, but reads the same.