ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of Appellant’s motion for rehearing and the hearing transcript filed by Appellant with the motion, we withdraw the opinion issued on January 23, 2014, and substitute this opinion in its place.
Appellee filed a petition for an injunction for protection against domestic violence. The respondent was her husband, Appellant. The trial court held an eviden-tiary hearing on the petition and thereafter entered a permanent injunction against Appellant. On appeal, Appellant contends that the injunction should be reversed because he did not receive a fair trial and because the injunction was not supported by competent substantial evidence. For the reasons that follow, we affirm.[1]
This was a classic “he said, she said” case. Appellee testified that Appellant jumped on her while she was lying down and shoved her into the wall during an argument. Appellant did not dispute that the argument occurred, but he testified that he was the victim in this incident. Appellant testified that he had scratches on his neck from Appellee trying to choke him, but Appellee testified that the scratches were from her fighting off Appellant’s attack.
It was the responsibility of the trial court to determine the credibility of the witnesses and to resolve the conflicts in the evidence. See Disston v. Hanson, 116 So.3d 612 (Fla. 5th DCA 2013). The trial court apparently credited Appellee’s testimony over Appellant’s testimony because the court granted her petition, stating “I will give you [Appellee] a permanent injunction against his committing domestic violence against you.” We do not have the authority to second-guess the trial court’s decision to believe Appellee over Appellant. Id. (stating that “the credibility of the witnesses is within the trial court’s exclusive purview”); see also Lahodik v. Lahodik, 969 So.2d 533, 535 (Fla. 1st DCA 2007) (“It is well-established that the appellate court does not re-weigh the evidence or the credibility of witnesses.”).
Appellee’s testimony describes an incident of domestic violence, as defined in section 741.28, Florida Statutes, and provides the requisite evidentiary support for the trial court’s decision to grant the petition. See Abravaya v. Gonzalez, 734 So.2d 577 (Fla. 3d DCA 1999); § 741.30(6)(a), Fla. Stat. The fact there was conflicting testimony from Appellant that would have supported the denial of the petition is of no significance on appeal. See Disston, supra (stating that the appellate court “cannot reweigh the evidence”); Lahodik, 969 So.2d at 535 (explaining that “the appellate court does not assess whether it is possible *1245 to recite contradictory record evidence which supports arguments rejected below, nor does it retry the case or substitute its judgment for the trial court’s on factual matters supported by competent, substantial evidence”).
In sum, because the record contains competent substantial evidence to support the injunction, we are required to affirm. This does not preclude Appellant from seeking to modify or dissolve the injunction if, as he contends in his appellate filings, circumstances have changed since the entry of the injunction. See § 741.30(10), Fla. Stat.; Alkhoury v. Alkhoury, 54 So.3d 641 (Fla. 1st DCA 2011).
AFFIRMED.
CLARK, WETHERELL, and RAY, JJ., concur.

. We summarily reject Appellant’s claim that he was denied a fair trial because the transcript of the evidentiary hearing reflects that Appellant was afforded a full and fair opportunity to present his case.