DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALFREDO MARTINEZ,**
Appellant,

v.

**LESLIE IZQUIERDO,**
Appellee.

No. 4D14-4501

[June 17, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Laura M. Watson, Judge; L.T. Case No. DVCE-14-7453.

Blanca Rosa Sordo of Martinez and Sordo, P.A., Miami, for appellant.

Leslie Izquierdo, Pembroke Pines, pro se.

DAMOORGIAN, C.J.

Alfredo Martinez appeals from the trial court's final judgment of injunction for protection against domestic violence with minor child in favor of Leslie Izquierdo. Having reviewed the record, we hold that the evidence was sufficient to establish that Ms. Izquierdo had an objectively reasonable cause to believe that she was in imminent danger of becoming the victim of an act of domestic violence and, therefore, affirm the court's entry of the injunction. *See Abravaya v. Gonzalez*, 734 So. 2d 577 (Fla. 3d DCA 1999); § 741.30(6)(a), Fla. Stat. (2013).

However, in issuing the injunction, the court required Mr. Martinez to surrender all of his ammunition and firearms in accordance with section 790.233(1) of the Florida Statutes which provides, in pertinent part, that "[a] person may not have in his or her care, custody, possession, or control any firearm or ammunition if the person has been issued a final injunction that is currently in force and effect, restraining that person from committing acts of domestic violence . . . ." § 790.233(1), Fla. Stat. (2013). This was erroneous as Mr. Martinez is a law enforcement officer and section 790.233(1) "does not apply to a state or local officer as defined in

s. 943.10(14),[1] holding an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency, unless otherwise prohibited by the employing agency." § 790.233(3), Fla. Stat. (2013).

Accordingly, we affirm the court's entry of the underlying injunction, but reverse and remand with instructions that the trial court remove the provision of the injunction requiring Mr. Martinez to surrender all of his ammunition and firearms based on his status as a law enforcement officer. We note that the exemption found in section 790.233(3) only applies to "firearm[s] or ammunition for use in performing official duties on behalf of the officer's employing agency," and therefore our instructions are without prejudice for the trial court to provide limitations on any personal firearms or ammunition in Mr. Martinez's possession.

*Affirmed in part, reversed and remanded in part.*

TAYLOR and MAY, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Section 943.10(14) defines an "officer" as "any person employed or appointed as a full-time, part-time, or auxiliary law enforcement officer, correctional officer, or correctional probation officer." § 943.10(14), Fla. Stat. (2013).