IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KARMA THORNTON and
CONNIE THORNTON,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellants,

CASE NO. 1D16-1472

v.

AMERICAN FAMILY LIFE
ASSURANCE COMPANY OF
COLUMBUS,

      Appellee.

_____/

Opinion filed September 13, 2017.

An appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

Charles F. Beall, Jr. of Moore, Hill & Westmoreland, P.A., Pensacola, and
Woodburn S. Wesley, Jr. of Woodburn S. Wesley, Jr., & Associates, Fort Walton
Beach, for Appellants.

Hinda Klein and Brian Lee Ellison of Conroy Simberg, Hollywood, for Appellee.

BILBREY, J.

      Karma Thornton and her mother, Connie Thornton, appeal the final

judgment in favor of American Family Life Assurance Company of Columbus

(AFLAC). The Thorntons assert error in the trial court's finding that Karma was

not a covered dependent under the Specified Health Event Insurance Policy purchased by Connie. We reverse the trial court's judgment based on the plain language of the policy and, alternatively, on the requirement that any ambiguity in the policy definition of "dependent children" must be resolved against AFLAC, the drafter, and in favor of coverage.

Connie Thornton purchased the AFLAC policy for "Two-parent Family" coverage, effective January 1, 2008. According to the policy, "Two-parent Family" coverage provided coverage to the insured (Connie), her spouse, and Connie's dependent children. The policy defined "dependent children" in pertinent part:

> E.     DEPENDENT CHILDREN:  your natural children, . . . who are unmarried, who are under age 25, and who qualify as legal dependents for tax exemption purposes under the United States Internal Revenue Service Tax Code.

When her mother purchased the policy, Karma Thornton was aged 22, unmarried, and financially dependent upon and living with her parents. The covered "primary specified health events" were also defined in the policy.

On September 11, 2008, at age 23, Karma Thornton suffered severe injuries when she fell from a motorcycle travelling at a high rate of speed. Based on conflicting evidence presented at trial, including witness testimony, medical records, and depositions, the trial court determined that her injuries constituted covered specified health events — specifically "coma" and "major third-degree

burns" — as defined in the policy.[1]  However, the trial court ruled that Karma did not qualify as a "dependent child" under the policy, concluded that she was not covered, and ruled that no benefits were payable by AFLAC.  The Thorntons appeal, and our standard of review of the trial court's interpretation of the AFLAC policy is de novo.  Allstate Fire & Cas. Ins. v. Stand-Up MRI of Tallahassee, P.A., 188 So. 3d 1 (Fla. 1st DCA 2015).

As explained by the Florida Supreme Court in Fayad v. Clarendon National Insurance Co., 899 So. 2d 1082, 1086 (Fla. 2005), "[w]e begin with the guiding principle that insurance contracts are construed in accordance with 'the plain language of the polic[y] as bargained for by the parties.'"  (Citations omitted).  The policy here plainly and expressly requires that the covered dependent be unmarried and "under age 25."  These specific qualifications are followed by the general reference to "legal dependents for tax exemption purposes under the United States

---

[1] AFLAC claims error in the trial court's findings that Karma Thornton's injuries fell within the primary specified health events provision of the policy and urges a "tipsy coachman" affirmance.  Although AFLAC may be correct regarding whether Karma was in a coma long enough to qualify for coverage, and although the evidence was in conflict, our review of the record shows that competent substantial evidence supported the trial court's finding that Karma suffered major third-degree burns as defined by the policy.  See Jeffries v. Jeffries, 133 So. 3d 1243 (Fla. 1st DCA 2014); Florida Mining & Materials v. Mobley, 649 So. 2d 934, 934 (Fla. 1st DCA 1995) ("[T]he case may not be retried on appeal, and a ruling which is supported by competent substantial evidence will be upheld even though there may be some persuasive evidence to the contrary.").  Whether Karma suffered two primary specified health events or only one has no impact on coverage.

Internal Revenue Service Tax Code," without a quotation of particular language or citation to a particular section of federal statutes. At trial, counsel for the parties agreed that the phrase "qualify as legal dependents for tax exemption purposes under the United States Internal Revenue Service Tax Code" was a reference to Internal Revenue Code (I.R.C.) section 152.[2]

_____

[2] 26 U.S.C. § 152 (2007). At the time the policy was issued, I.R.C. § 152(a)(1) defined "dependent" to be a "qualifying child." "Qualifying child" was in turn defined in section 152(c)(1) as:

> **(c) Qualifying child.**—For purposes of this section —
>      **(1) In general**.—The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual —
>      **(A)** who bears a relationship to the taxpayer described in paragraph (2),
>      **(B)** who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,
>      **(C)** who meets the age requirements of paragraph (3), and
>      **(D)** who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

26 U.S.C. § 152(c)(1) (2007) (emphasis in original). Finally, the "age requirements of paragraph (3)," referred to in § 152(c)(1)(C), provide:

> **(3) Age requirements. --**
>   **(A) In general.** — For purposes of paragraph (1)(C), an individual meets the requirements of this paragraph if such individual is younger than the taxpayer claiming such individual as a qualifying child and—
>     **(i)** has not attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer begins, or
>     **(ii)** is a student who has not attained the age of 24 as of the close of such calendar year."

I.R.C. § 152(c)(3)(A) (2007) (emphasis in original).

AFLAC's position at trial and on appeal is that the policy's definition, including the phrase "under age 25," is further limited by the policy's general reference to the "Tax Code," which cuts off eligibility for "dependents for tax exemption purposes" at age 19, unless the person is a student under age 24 or is disabled. At the time she fell off the motorcycle, Karma Thornton was not a student, was not disabled, and was over age 19. However, it is well-settled that "[s]pecific provisions of a contract control over general conditions" and "[t]his is equally true with regard to insurance contracts." State Farm Fla. Ins. Co. v. Phillips, 134 So. 3d 505, 508 (Fla. 5th DCA 2014). In addition, "courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000). An insurance contract "will not be interpreted in such a way as to render a provision meaningless when there is a reasonable interpretation that does not do so." Universal Prop. & Cas. Ins. Co. v. Johnson, 114 So. 3d 1031, 1036 (Fla. 1st DCA 2013).

We read the specific policy provision "under age 25" to expand the class of persons who would otherwise qualify as legal dependents under the I.R.C. Under the plain language of the policy, and giving full meaning and operative effect to both the age limit in the policy and the policy's reference to the Tax Code addressing "legal dependents for tax exemption purposes," the specific age limit

5

stated in the policy prevails over any contrary, more restrictive age limit in the generally referenced Tax Code. The policy's reference to the Tax Code retains the I.R.C.'s meaning and operative effect for the relationship, residency, and economic details which do not conflict with the policy's age provision.

To curtail AFLAC's specific age provision in its definition of "dependent children" by applying a more restrictive and complex age provision within the I.R.C., which is only generally referenced in the policy, "amounts to a sleight-of-hand withdrawal of coverage following explicit provisions allowing coverage." Mathews v. Ranger Ins. Co., 281 So. 2d 345, 349 (Fla. 1973). A plain reading of the policy leads the average purchaser to believe that unmarried, financially dependent offspring under the age of 25 are covered. We find that AFLAC is bound by its own specific statement of the policy age limit, "under age 25," and that the general reference to the Tax Code for other factors of dependence does not replace the policy's specific age requirement. See Washington Nat'l Ins. Corp. v. Ruderman, 117 So. 3d 943, 951 (Fla. 2013) (explaining insurance company has duty to limit liability under policy "clearly and unambiguously"). "To hold otherwise would encourage the proliferation of insurance policies containing gossamer clauses that generate revenue by implying coverage while, simultaneously, avoiding the underlying liability." State Farm Mut. Auto. Ins. Co. v. Mallard, 548 So. 2d 733, 735-36 (Fla. 3d DCA 1989).

6

Alternatively, to the extent the age requirement in the policy definition for "dependent children" was not sufficiently clear, due to the general reference to the Tax Code, Florida law requires resolution of any ambiguity in favor of the insured. "[I]f the salient policy language is susceptible to two reasonable interpretations, one providing coverage and the other excluding coverage, the policy is considered ambiguous." Fayad, 899 So. 2d at 1086. Ambiguities in insurance contracts "are construed against the insurer and in favor of coverage." Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 532 (Fla. 2005); see also Ruderman, 117 So. 3d at 950 ("[A]ny ambiguity which remains after reading each policy as a whole and endeavoring to give every provision its full meaning and operative effect must be liberally construed in favor of coverage and strictly against the insurer."). Accordingly, any conflict between the age limit specified in the policy and the age limit for a "qualifying child" in the "United States Internal Revenue Service Tax Code" is to be resolved against AFLAC as the drafter of its policy language and in favor of the Thorntons. It is long-established Florida law that "so long as these contracts are drawn in such a manner that it requires the proverbial Philadelphia lawyer to comprehend the terms embodied in it, the courts should and will construe them liberally in favor of the insured and strictly against the insurer to protect the buying public who rely upon the companies and the agencies in such transactions." Harnett v. So. Ins. Co., 181 So. 2d 524, 528 (Fla. 1965).

7

The trial court's determination that Karma Thornton did not qualify for coverage as a "dependent child" under the Specified Health Event policy due to the age requirement therein is REVERSED, and this cause is REMANDED for entry of judgment in favor of the Appellants.

WOLF and RAY, JJ., CONCUR.