# Third District Court of Appeal

## State of Florida

Opinion filed June 4, 2025.

_____

No. 3D24-1491
Lower Tribunal No. 24-9267-FC-04
_____

**Pedro Lazaro Lau,**
Appellant,

vs.

**Nizalena Gonzalez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Linda Melendez, Judge.

Pedro Lazaro Lau, in proper person.

No appearance, for appellee.

Before FERNANDEZ, GORDO and BOKOR, JJ.

GORDO, J.

## ON MOTION FOR REHEARING

We grant Pedro Lazaro Lau's ("Lau") motion for rehearing; withdraw the opinion of April 30, 2025; and substitute the following opinion in its place.

Lau appeals from a final judgment granting a permanent injunction for protection against domestic violence to Nizalena Gonzalez ("Gonzalez"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

"We review the court's issuance of the final injunction for abuse of discretion and to determine whether it is supported by competent, substantial evidence." Alobaid v. Khan, 306 So. 3d 159, 163 (Fla. 3d DCA 2020). "In doing so, 'we look at legal sufficiency as opposed to evidentiary weight.'" Id. (quoting Lopez v. Regalado, 257 So. 3d 550, 554 (Fla. 3d DCA 2018)).

On appeal, Lau contends the trial court abused its discretion by entering the permanent injunction for protection against domestic violence because the ruling is not supported by competent substantial evidence. We disagree.

At the hearing, Gonzalez confirmed under oath the allegations in her petition describing several incidents of stalking, cyberstalking and assault, including one incident where Lau shot at her with a BB gun. She also verified Lau verbally threatened to kill her and her children on two separate occasions. We conclude Gonzalez established competent substantial

2

evidence that she was either a victim of domestic violence or had reasonable cause to believe she was in imminent danger of becoming the victim of domestic violence, as required by section 741.30, Florida Statutes. "It was the responsibility of the trial court to determine the credibility of the witnesses and to resolve the conflicts in the evidence." Jeffries v. Jeffries, 133 So. 3d 1243, 1244 (Fla. 1st DCA 2014). The fact that there was conflicting testimony from Lau that would have supported the denial of the petition is of no significance on appeal. Because the record contains competent substantial evidence to support the injunction, we are required to affirm.[1] See Alobaid, 306 So. 3d at 163 ("A court may issue a domestic violence injunction when the petitioner shows that he or she is '*either* a victim of domestic violence as defined in section 741.28 *or* has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence' . . . We conclude that Khan established competent, substantial evidence that she was either a victim of domestic violence or had reasonable cause to believe she was in imminent danger of becoming the victim of domestic violence, as required by section 741.30(1)." (quoting §

---

[1] We originally affirmed based on the lack of a transcript from the July 26, 2024, hearing on Gonzalez's petition for injunction for protection against domestic violence. That hearing transcript has since been filed. We affirm based upon our full review of the record before us, including the supplemental transcript.

3

741.30(1)(a), Fla. Stat.)); <u>McGuire v. Boscan</u>, 337 So. 3d 124, 127 (Fla. 3d DCA 2021) ("Section 741.28(2) defines 'domestic violence' as 'any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.'" (quoting § 741.28(2), Fla. Stat.)); <u>Jeffries</u>, 133 So. 3d at 1244 ("The trial court apparently credited Appellee's testimony over Appellant's testimony because the court granted her petition, stating 'I will give you Appellee a permanent injunction against his committing domestic violence against you.' We do not have the authority to second-guess the trial court's decision to believe Appellee over Appellant. Appellee's testimony describes an incident of domestic violence, as defined in section 741.28, Florida Statutes, and provides the requisite evidentiary support for the trial court's decision to grant the petition.").

Affirmed.