# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0828
Lower Tribunal No. 24-DR-030634

_____

JOSEPH C. HARRINGTON,

Appellant,

v.

AMANDA K. GIANCOLA,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Andrew Marcus, Judge.

July 18, 2025

NARDELLA, J.

Appellant Joseph Harrington challenges the final judgment of injunction for protection against domestic violence entered against him and in favor of his former wife, the Appellee Amanda Giancola. He argues the trial court abused its discretion in entering the injunction because Giancola failed to present substantial, competent evidence of any acts of domestic violence. More specifically, he contends the evidence of past threats and abuse was too remote in time to support the injunction and the evidence of recent acts of stalking too speculative. We disagree.

We review the granting of an injunction for protection against domestic violence under the abuse of discretion standard of review, noting that "[a] trial court abuses its discretion by entering a domestic violence injunction when the ruling is not supported by competent, substantial evidence." *Chiscul v. Hernandez*, 311 So. 3d 55, 57–58 (Fla. 4th DCA 2021).

For Harrington's argument to succeed, he must first demonstrate that Giancola's testimony concerning recent acts of stalking was too speculative. While we agree with Harrington's recitation of the law—that speculative testimony does not constitute competent, substantial evidence—we disagree that Giancola's testimony was mere speculation. Giancola testified that she believed the person in the car behind her was Harrington because that person looked "exactly like" Harrington even though he wore a hat and sunglasses. Her testimony established that Harrington had recently followed her from work multiple days in a row. After hearing her testimony, the trial court found Giancola credible, a finding this Court cannot second-guess. *See Jeffries v. Jeffries*, 133 So. 3d 1243, 1244 (Fla. 1st DCA 2014) (appellate court highly deferential to trial court's credibility determinations and resolutions of evidentiary conflicts in domestic violence injunction).

And after crediting Giancola's testimony as to recent conduct, the trial court was free to consider that conduct within the context of their past relationship and its history of violence. § 741.30(6)(b)1., Fla. Stat. (2024); *see Blanco v. Santana*, 363

2

So. 3d 1215 (Fla. 6th DCA 2023) (instructing the trial court to consider "[t]he history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse."). Accordingly, we reject Harrington's arguments of trial court error and affirm the Final Judgment of Injunction for Protection Against Domestic Violence.

AFFIRMED.

SMITH and BROWNLEE, JJ., concur.

Malcam J. Godwin, of Patrick McLain Law, Fort Myers, for Appellant.

Samuel Alexander, of Alexander Appellate Law P.A., DeLand, and Linda Kay Pufahl Smith, of Abuse Counseling and Treatment Center, Fort Myers, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED